W. M. Luck et al. v. Milas Hopkins.

No. 746. Decided February 6, 1899.

**Writ of Error—Judgment—Reformed Judgment.**

An application for writ of error upon a judgment in district court was made more than a year after the date on which judgment was first rendered, but within a year from the date of an order, made at the time of overruling a motion for new trial, by which the first judgment was reformed. Though the reformed judgment was similar to or in fact the same as the previous one, it, and not the first, was the only existing judgment; the application for writ of error was in time, and the appellate court erred in dismissing it because made too late.

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Luck et al. obtained a writ of error from the Supreme Court upon a judgment of the Court of Civil Appeals dismissing a cause brought by them on writ of error from the District Court.

*L. Fitzhugh* and *K. R. Craig*, for plaintiffs in error.

*W. N. Coombes* and *Jeff Word*, for defendant in error.

No briefs were on file.

BROWN, ASSOCIATE JUSTICE.—This was an appeal from the probate court to the District Court of Dallas County. On the 28th day of May, 1897, the District Court entered a judgment in which it directed the administrator of the estate of John Coverston, deceased, to pay, on the claim of Milas Hopkins against the said estate, the sum of $1250 less administrator's commission which was derived from the sale of a certain piece of property belonging to the said estate, and also directing that the administrator should hold the note given by the purchaser of the property at the aforesaid sale subject to the claim of Milas Hopkins, and, when collected, to apply the proceeds of that note, or so much as might be necessary, to the payment of said claim. The court also adjudged that the claim of Milas Hopkins was entitled to priority over the claims of the other creditors of the said estate; that the contestants, W. M. Luck, J. E. Luck, L. Trigg, and J. D. McCormick pay all costs created by their contest in the County Court, and that Milas Hopkins recover of them all of his costs expended in this proceeding.

Within the time prescribed, a motion for a new trial was made by the appellant, which was afterwards amended and not acted upon until the 9th day of July, 1897, when the motion for a new trial was overruled and the. District Court entered an order in which the following statement appears: "And it further appearing to the court that the judgment heretofore, on May 28, 1897, rendered herein and which is duly recorded in the minutes of this court, should be reformed; it is therefore considered by the court and so ordered, adjudged and decreed by the court that said judgment be so reformed as to read as follows, to wit: 'No. 16,742. W. M. Luck et al. v. Milas Hopkins.—On this May 28, 1897, this cause coming on to be heard, all the parties appeared and announced themselves ready for trial, and submit the matter in controversy between them, as well of fact as of law, to the court, and after hearing the pleadings, the evidence adduced and the argument of counsel,'" etc. The court then proceeded to enter judgment decreeing that the claim of Milas Hopkins against the estate of John Coverston, deceased, is entitled to priority of payment over the claims of L. Trigg, Joe Meck, J. E. Luck, and J. B. McCormick out of the proceeds of the sale of one-half interest in the real estate and mill property sold by the administrator under order of the County Court of Dallas County, and that Milas Hopkins recover against the said parties all costs of the suit. On the 8th day of July,

1898, W. M. Luck, L. Trigg, J. E. Luck, and J. B. McCormick filed application for a writ of error in the District Court of Dallas County. A motion was made in the Court of Civil Appeals to dismiss the writ of error because the petition was not filed within one year from the date of the judgment. The Court of Civil Appeals dismissed the writ of error, holding that May 28, 1897, was the date of the judgment and that the petition was filed too late.

The effect of entering the judgment of July 9, 1897, was to vacate and set aside the judgment of May 28th of the same year. The judgment last entered is the one now in force and which must be executed, if not reversed, and is therefore the judgment to be reviewed in this proceeding.

Article 1389 provides as follows: "The writ of error may, in cases where the same is allowed, be sued out at any time within twelve months after the final judgment is rendered and not thereafter." The petition for writ of error in this case was filed in the District Court one day before the expiration of the twelve months allowed by law for suing out the writ. It does not matter that the judgment last entered was similar to or in fact the same as the first judgment, for the reason that the first judgment no longer existed after that of July 9th was rendered by the court.

The Court of Civil Appeals erred in dismissing the writ of error in this case, and its judgment is reversed and this cause remanded to that court with direction to reinstate it upon the docket of the court.

*Reversed and remanded to Court of Civil Appeals.*