**WILLIAMS v. HYATT et al. (No. 1500.)**

(Court of Civil Appeals of Texas. El Paso. May 24, 1923.)

Appeal and error ⊂⊃347(1)—Court held not to have power to change date of entry of judgment so as to make petition in error in time.

Where petition for writ of error was filed more than six months after the judgment was rendered and entered of record, it was too late, and the failure to file the petition within the required time was jurisdictional, and necessitated dismissal of the appeal; and such result would not be affected by the fact that the trial judge, over protest of defendant in error, drew a line through the date when the judgment was in fact rendered, and interlined a later date, thus changing the record of the judgment to make it appear rendered and entered upon the later date, which was within six months of the date of petition for writ of error; such change being not an amendment or correction of the judgment, but a falsification of the true record.

Error from Comanche County Court; F. J. Reese, Judge.

Action between C. F. Williams and C. M. Hyatt and others. Judgment for the latter, and the former brings error. Writ of error dismissed.

Callaway & Callaway, of Comanche, for plaintiff in error.

A. E. Nabors and Hamilton, Smith & Woodruff, all of Comanche, for defendants in error.

HIGGINS, J. This appeal is by writ of error to the county court of Comanche county. The judgment appealed from, as it appears in the transcript, purports to have been rendered on December 10, 1921. The petition for writ of error was filed June 8, 1922. The record contains a bill of exceptions duly approved by the trial court which shows that the cause was submitted to a jury on October 15, 1921, and their verdict returned on the 17th of that month, and that, upon motions for judgment filed by defendants in error, the court on October 28, 1921, rendered his judgment, which was forthwith entered of record in the minutes, and that neither of the parties filed any motion for a new trial until December 12, 1921, when the plaintiff in error filed a motion for a new trial, and thereafter, on December 23, 1921, filed his amended motion for a new trial; that on December 10, 1921, the judge of the court notified the attorney for one of the defendants in error that he was going to change the date of the rendition of the judgment from October 28, 1921, to December 10, 1921, and thereupon, over the protest of the attorney for such defendant in error, the judge, at the request of the attorneys for the plaintiffs in error, drew a line through October 28, and interlined December 10, and thus changed the record of said judgment so as to show that the judgment was rendered and entered on December 10, 1921, instead of October 28th, 1921.

The bill thus shows that the petition for writ of error in this case was filed more than six months after the judgment was in fact rendered and entered of record. It was therefore too late. Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Evans v. Traction Co. (Tex. Civ. App.) 166 S. W. 408; Ry. Co. v. Stapp (Tex. Civ. App.) 171 S. W. 1080. The failure to file the petition within the time prescribed by law is a jurisdictional matter, and necessitates dismissal of the appeal. Carlton v. Ashworth (Tex. Civ. App.) 45 S. W. 203; Odum v. Garner, 86 Tex. 374, 25 S. W. 18. It is true the court has control over its judgments until the term has expired, and may correct, reform, or amend the same, and it has been held in the case of an amended or corrected judgment that a petition filed within the time prescribed by law from the date of such amendment or correction is within the time prescribed by law. This is upon the theory that by the amendment or correction the original judgment is superseded by the latter. Luck v. Hopkins, 92 Tex. 426, 49 S. W. 360; Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809.

---

But the bill of exceptions in this case does not show an amendment or correction of the judgment. It simply shows a falsification of the true record. The court has power during the term to amend, correct, or reform its records, but it is without authority to falsify its records at any time. The falsification of the record in this case, if permitted to prevail, would deprive the defendants in error of their legal right that no writ or error should be sued out after the expiration of six months from the date the final judgment is rendered, and would also operate as a fraud upon the jurisdiction of this court. This is a practice which cannot be permitted to prevail.

For the reasons indicated, the writ of error will be dismissed.