**KRONKOSKY v. KUHN et al.   (No. 7116.)**

(Court of Civil Appeals of Texas.   San Antonio.
March 5, 1924.)

**1. Appeal and error ⊜302(5)—Grounds assigned held not entitled to consideration.**

Grounds of a motion for a new trial, alleging that the verdict was contrary to the evidence, and that the judgment was contrary to law, could not be considered under district and county court rule 68, and hence furnished no basis for an assignment of error.

**2. Appeal and error ⊜544(1)—Exclusion of answer to question should be embodied in bill of exception if review desired.**

Refusal of the court to permit an answer to a question propounded to a witness should be embodied in a bill of exception if a review thereof is desired.

**3. Appeal and error ⊜722(1)—Assignment of error not considered, when not supported by record.**

An assignment of error in the brief complaining that the verdict and judgment are erroneous and contrary to the preponderance of the evidence, in that there was no evidence tending to show a fact found by the jury, except contradictory statements will not be considered where there is nothing similar thereto in the motion for new trial, and there is no separate assignment of errors in the record.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Albert Kronkosky against Richard W. Kuhn and H. E. Gebhart.  Judgment for plaintiff against the second named defendant, and plaintiff appeals.  Affirmed.

John K. Weber, of San Antonio, for appellant.

Hertzberg, Kercheville & Thomson, of San Antonio, for appellees.

FLY, C. J.   Appellant sued Richard W. Kuhn and H. E. Gebhart, alleging that they were doing business together under the name of the Gebhart Specialty Company; that they made, executed, and delivered to the National Bank of Commerce of San Antonio, their certain promissory note for $440, they signing as principals and appellant as surety; that the note was given in furtherance of the partnership business; that appellant signed the note upon the promise of appellees that they would hold him harmless from all liability on the same; that the note was not paid, and appellant was compelled to pay the same to the bank which indorsed it, without recourse, to appellant.  Richard W. Kuhn

answered that the firm was composed of himself and H. E. Gebhart, a nephew of appellant, who persuaded Kuhn to enter business with the nephew, on the promise that appellant would furnish capital to the extent of $500, and that he would hold Kuhn harmless. Kuhn alleged that he turned the whole business over to Gebhart, and he assumed all liabilities of the firm.  The cause was tried with a jury, and, on the answer to one special issue submitted to them, judgment was rendered that appellant recover nothing of Kuhn and recover of Gebhart $482.56.

The issue submitted to the jury was, "Did the plaintiff, Kronkosky, agree to finance the business known as the Gebhart Specialty Company and to hold the defendant Kuhn harmless from the payment of the note in controversy?"  And the jury answered, "Yes." There is but one assignment copied into the brief, and is as follows:

"The verdict of the jury and judgment of the court are erroneous and contrary to the overwhelming weight and preponderance of the evidence in this, that the jury in response to the special issue submitted answered that Albert Kronkosky agreed to finance the business known as the Gebhart Specialty Company and to hold the defendant Richard W. Kuhn harmless from the payment of the note in controversy; that there is no evidence claiming or tending to show that Albert Kronkosky agreed to hold Richard W. Kuhn harmless except contradictory statements made by Richard W. Kuhn."

There is no assignment of errors found in the record separate from the motion for new trial, and there is nothing in the motion bearing any resemblance to the assignment of error copied into the brief.

[1-3] There are three grounds for new trial; the first being that the verdict was contrary to the evidence, and the second that the judgment was contrary to the law. Those two grounds under the plain terms of rule 68, for district and county courts, could not be considered by the court and, of course, could form no basis for an assignment of error.  The third ground was because a question propounded to Gebhart was not permitted by the court.  It is clear that, if that point had been embodied in a bill of exception, as it should have been if a review of it was desired, there would be nothing in it like the assignment of error copied into the brief.  The record furnishes nothing to form a basis for the so-called assignment of error. It will not be considered.  No fundamental error presents itself.

The judgment is affirmed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
259 S.W.—64