### KITTRELL v. FULLER.　(No. 9483.) *

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1926. Rehearing Denied Feb. 27, 1926.)

1. Judgment ⬅⟹191 — "Judgment" is pronouncement of court, and its "rendition" settles law on matters in issue, whereas "entry of judgment" is ministerial act of clerk placing it of record.

"Judgment" is that which court pronounces, and its "rendition" is judicial act by which court settles and declares decision of law on matters in issue, whereas "entry of judgment" is ministerial act performed by clerk of court by means of which permanent evidence of judicial act in rendering judgment is made a record of court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Enter—Entry (In Practice); Judgment (In Law); Rendition of Judgment.]

2. Judgment ⬅⟹191.

"Rendition of judgment" is an independent fact, distinct in point of time from entry of judgment in minutes of court, and from order of court on motion for new trial.

3. Appeal and error ⬅⟹347(1)—Time for taking appeal by writ of error begins from date of rendition of "final judgment," not from entry of judgment (Rev. St. 1925, art. 2255).

Under Rev. St. 1925, art. 2255, time for taking appeal by writ of error begins from date of rendition of final judgment, and not from date when judgment rendered is entered by clerk on minutes of court; term "final judgment," as used in statute, referring to time main judgment is rendered.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

4. Appeal and error ⬅⟹356.

Filing of petition for writ of error within six months from rendition of judgment, as required by Rev. St. 1925, § 2255, is necessary to jurisdiction of Court of Civil Appeals.

Error from District Court, Dallas County; Towne Young, Judge.

Suit by Tom Fuller against G. B. Kittrell. From an instructed verdict in plaintiff's favor, defendant brings error. Writ dismissed.

Lively & Dougherty, of Dallas, for plaintiff in error.

Lyle Saxon, of Dallas, for defendant in error.

JONES, C. J. In a suit in the district court by Tom Fuller, defendant in error, against G. B. Kittrell, plaintiff in error, the court instructed a verdict in favor of the former, and the latter has attempted to secure a review of this case in this court by writ of error.

Defendant in error has filed a motion to dismiss this cause, on the ground that more than six months elapsed from the rendition of the judgment before the petition for writ of error was filed in the court below. The record in this respect discloses that judgment was rendered by the court on the instructed verdict of the jury on December 21, 1923; that this judgment so rendered on said date was not entered by the clerk in the minutes of the district court until February 27, 1924; that the amended motion for a new trial was overruled on March 1, 1924, at which time plaintiff in error had duly noted his exception to such ruling of the court and his notice of appeal to this court; that all these proceedings were had at the same term of court; that the petition for writ of error was filed in the trial court on August 19, 1924.

It thus appears that more than six months had elapsed from the rendition of the judgment when the petition for writ of error was filed, but that less than six months had

elapsed from the entry of said judgment in the minutes of said court. Plaintiff in error admits that, if the six months allowed to sue out the writ of error begins to run from the date on which the judgment was actually rendered, then this court has not acquired jurisdiction to review this case. He strenuously insists, however, that the six months allowed for suing out the writ of error does not begin to run until the entry of the judgment in the minutes of the court, for the reason that until such act is performed there is no final judgment.

Article 2255, Revised Statutes 1925, reads:

"The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

[1-3] There is a distinction between the rendition of a judgment and its entry in the minutes of the court; each representing a distinct occurrence of fact in the trial of a case. The judgment is that which the court pronounces, and its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. The entry of the judgment is the ministerial act performed by the clerk of the court, and by means of which permanent evidence of the judicial act in rendering the judgment is made a record of the court. Coleman v. Zapp et al., 151 S. W. 1040, 105 Tex. 491. The rendition of the judgment, therefore, is an independent fact, distinct in point of time from the entry of the judgment in the minutes of the court, and from the order of the court on a motion for a new trial. The statute allowing an appeal to be prosecuted by means of a writ of error allows a specified time within which this writ of error may be sued out, and makes that time begin from the date of the rendition of a final judgment, and not from the date when the judgment rendered is entered by the clerk on the minutes of the court. Our courts have uniformly held that the term "final judgment" used in this statute refers to the time the main judgment in the case is rendered.

Cooper v. Yoakum, 43 S. W. 871, 91 Tex. 391; Evans v. Traction Co. (Tex. Civ. App.) 166 S. W. 408; Railway Co. v. Stapp (Tex. Civ. App.) 171 S. W. 1080; Williams v. Hyatt et al. (Tex. Civ. App.) 252 S. W. 861; 2 R. C. L. 106. R. C. L., supra, states the rule as follows:

"Where a statute requires an appeal to be taken within a certain time after the 'rendition' of the judgment, the time is computed from the date when the judgment is pronounced by the court, and not from the subsequent date of its entry."

Plaintiff in error's contention is based on these decisions in cases where either the clerk had failed to enter the judgment on the minutes of the court during the term of the court, or some error had been made in the entry of the judgment, and, by nunc pro tunc order at a subsequent term of the court, the judgment had been entered or corrected. In those cases the uniform rule is to allow the statutory time for preparing an appeal to begin to run from the date of the nunc pro tunc order and not from the date the judgment was actually rendered. In this case all the orders were entered at the same term of court, and we do not think the rule in those cases applies. Luck v. Hopkins, 49 S. W. 360, 92 Tex. 426; Hall v. Read, 66 S. W. 809, 28 Tex. Civ. App. 18. In justice to counsel for plaintiff in error, it should be stated that this case was tried in the lower court by an attorney who died before the appeal could be perfected, and counsel now appearing in the case were not employed until the 18th day of August, 1924, and they filed the petition for writ of error on the following day.

[4] The filing of a petition for writ of error in the court below within six months from the rendition of the judgment is a necessary prerequisite to this court's jurisdiction, and, as the petition for writ of error in the instant case was not filed within such time, this court has not acquired jurisdiction to review this case on its merits, and the cause is hereby dismissed.

Dismissed.