## SWANSON et al. v. HOLT.*
### No. 4256.

Court of Civil Appeals of Texas. Texarkana. Nov. 16, 1932.

Rehearing Denied Dec. 8, 1932.

Underwood & Strickland, of Amarillo, and Allred & Brown, of Henderson, for plaintiffs in error.

Margaret Clark, of Longview, Chas. R. Crum, of Dallas, and McDonald, Grant & Cantwell, of Longview, for defendant in error.

SELLERS, J.

This suit was by R. W. Holt in trespass to try title to an undivided one-eighth interest in 225 acres of land against A. J. Swanson, Willie Holt, R. E. O'Keefe, and L. A. Norris. The plaintiff alleged that the defendants Willie Holt and A. J. Swanson, induced him, through false and fraudulent representations as to the value of the land involved, to convey the land to Swanson for a grossly inadequate consideration, and that the other defendants, O'Keefe and Norris, purchased certain interests in the land from Willie Holt and A. J. Swanson with knowl-

edge of the fraud practiced upon him by Willie Holt and A. J. Swanson, and the plaintiff prayed for the cancellation of all the instruments under which the defendants claimed. There was trial before a jury which resulted in a verdict in favor of the plaintiff, and the court, in accordance with the verdict, on July 1, 1931, rendered judgment for the plaintiff, canceling as null and void the instruments under which the defendants claimed. The defendants filed motion for new trial which was overruled by the court on August 7, 1931, to which action of the court the defendants gave notice of appeal to this court, and thereafter, on September 1, 1931, filed an appeal bond; but the transcript was never filed in this court to perfect the appeal. The case is now before this court by writ of error; the petition and bond for the writ of error having been filed on February 6, 1932.

The disposition to be made of this appeal makes it necessary to take notice of a certain order of the judge who tried the case made on October 23, 1931, after the term of court at which the case was tried had ended, but providing that such order should be effective as of date of August 7, 1931; same being the date the defendants' motion for new trial was overruled. The order is as follows:

"On this 7th day of August, 1931, came on to be heard in open court the motion of the defendant, Robert E. O'Keefe, to modify, amend and correct the judgment herein, and the plaintiff being in court by his attorneys and the matter having been heard, it is considered by the court and adjudged that the judgment made and entered herein should be modified and corrected in the following particulars, to-wit: Wherein in said judgment occurs the following:

" 'It is further ordered, adjudged and decreed by the Court that a certain mineral deed from Willie Holt and A. J. Swanson to Robert E. O'Keefe, dated March 13th, 1931, filed March 13, 1931, signed March 13th, 1931, and witnessed by L. A. Norris and F. A. Swanson, and recorded in Deed Records of Gregg County, Texas, under original file #7927, be, and the same is hereby cancelled, vacated, annulled and decreed to be of no further force and effect and void, and the cloud cast upon plaintiff's title to the land and premises above described, by virtue of such instrument and the record thereof, be, and the same is hereby completely removed.' The same appearing in said judgment as entered in Minute Book M, at page 305 from line 12 to line 19, and again from line 27 to line 34; it is ordered, adjudged and decreed that the same be amended, modified and changed by the addition of the phrase 'in so far as the rights of the plaintiff are affected thereby' after the words 'and void'

so that the same, when amended, shall read as follows, to-wit:

"It is further ordered, adjudged and decreed by the court, that a certain mineral deed from Willie Holt and A. J. Swanson to Robert E. O'Keefe, dated March 13, 1931, filed March 13, 1931, signed March 13, 1931, and witnessed by L. A. Norris and F. A. Swanson, and recorded in Deed Records of Gregg County, Texas, under original file #7927, be, and the same is hereby cancelled, vacated, annulled and decreed to be of no further force and effect and void, in so far as the rights of the plaintiff are affected thereby, and the cloud cast upon plaintiff's title to the land and premises above described, by virtue of such instrument and the record thereof, be, and the same is hereby completely removed.' •

"It is further ordered that this order take effect as of the 7th day of August, 1931."

As we understand from plaintiff in error's brief, the order, in fact, is a nunc pro tunc order entered October 23, 1931, for August 7, 1931. Without going into a discussion of the effect of this amendment on the judgment of July 1st, we deem it sufficient to say that, in our opinion, the amendment made no material change in the judgment. It neither conferred nor took away any rights of the litigants as adjudicated in the original judgment.

If we are correct in our conclusion with respect to the order amending the judgment, then it follows under the authority of Mansel et al v. Castles, 93 Tex. 414, 55 S. W. 559, that the order should never have been made, and on this authority this appeal is disposed of without giving any effect whatever to the order mentioned.

■ ■ When this record is examined without reference to the order amending the judgment, it is apparent at once that this court has no jurisdiction to entertain an appeal of this case. The judgment as reflected by the record was rendered on July 1, 1931, although possibly not entered on the minutes until August 7th thereafter. The petition for writ of error, as well as bond, were filed with the clerk of the trial court on February 6, 1932, more than six months after the rendition of the judgment, and lacking only one day of being six months after the judgment was entered on the minutes, and the date the motion for new trial was overruled. The statute fixing the time within which a writ of error may be sued out in this state is as follows: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered." Rev. St. 1925, art. 2255.

This statute has been considered many times by the courts of this state, and by an unbroken line of authorities it has been held that the time in which to sue out a writ of error under the statute begins from the date of the actual rendition of the final judgment, rather than from the date the judgment is entered on the minutes or the date the motion for new trial is overruled. Kittrell v. Fuller (Tex. Civ. App.) 281 S. W. 575, and cases therein cited.

■ It is equally as well settled in the authorities referred to that the petition and bond for writ of error must be filed within six months from the date of rendition of final judgment in order to confer jurisdiction on this court.

The appeal is dismissed for want of jurisdiction.

## On Motion for Rehearing.

■ The motion for rehearing is well presented, and objection may not be found to the law points argued therein. The difference, as considered by this court, is that an amended or corrected judgment does not appear entered in the record. There appears in this case a final judgment rendered on July 1, 1931, in favor of the plaintiff canceling as null and void the instruments under which the defendants claimed. It further appears that thereafter, on October 23, 1931, an order of the court was entered of record providing "That the judgment made and entered herein should be modified and corrected," so far as pertains to a particular portion thereof, by "the addition of the phrase 'insofar as the rights of the plaintiff are affected thereby,'" in respect to the mineral deed referred to of date March 13, 1931, from Swanson and Holt to O'Keefe. It was expressly directed "that this order take effect as of the 7th day of August, 1931." The order so made, as is manifest, is to the extent only of simply reciting so much of the judgment as needs correction and describing a particular amendment allowed to be made thereto and determining that it should be corrected or amended only to conform to the terms of the order granting the correction or amendment. The order may not be viewed as the correction of the first judgment, but in effect merely an order allowing an amendment of a portion of such judgment to be made. The order was short of a judgment final in form. Fitzgerald v. Evans & Hoffman, 53 Tex. 461. The order for the amendment, although a prerequisite, is not alone a sufficient procedure for the purpose of correcting omissions or making amendment of the record of the first judgment. An amendment of a former judgment may be accomplished by entering the order therefor, as here done, and then following up such order by vacating or replacing the former judgment by new entry conforming or answering to the order of amendment. Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040; State ex rel. Rwy. v. Broaddus, 212 Mo. 685, 111

S. W. 508; Thompson v. Great Western Acc. Ass'n, 136 Iowa, 557, 114 N. W. 31; Den ex dem. Jones v. Lewis, 30 N. C. 70, 47 Am. Dec. 338. It becomes necessary to make a second or new judgment for the whole adjudication of the subject-matter altering and replacing the record of the first judgment.

In the case cited of Luck v. Hopkins, 92 Tex. 426, 49 S. W. 360, there was formal judgment in full and at length entered of record replacing the former judgment. The judgment, too, was likewise corrected in form in the following cases, in full and at length further cited: Hall v. Read, 28 Tex. Civ. App. 18, 66 S. W. 809; Batson v. Bentley (Tex. Civ. App.) 297 S. W. 769.

In the present case no new or other judgment was formally entered on the order of October 23d, and hence, as before held in the original opinion, the record stands here as having only the original final judgment duly entered on July 1, 1931. As quoted from the original opinion, "When this record is examined without reference to the order amending the judgment, it is apparent at once that this court has no jurisdiction to entertain an appeal of this case."

The motion for rehearing is overruled.

*Writ of error granted.