A. J. SWANSON ET AL. V. R. W. HOLT.

No. 6437.  Decided December 4, 1935.
Rehearing overruled January 8, 1936.
(87 S. W., 2d Series, 1090.)

*Wm. Hodges,* of Texarkana, and *Riley Strickland,* of Longview, for plaintiffs in error.

The amendment of the original judgment rendered by the district court on August 7, 1931, was the only final judgment in the case, and the period within which the writ of error might be used out dated from the day of its rendition. Hall v. Read, 66 S. W., 809; Batson v. Bentley, 297 S. W., 769; Kittrell v. Fuller, 281 S. W., 575.

*Charles R. Crum, Margaret Clark, Marion S. Church,* and *W. F. Bane,* all of Dallas, for defendant in error.

The amendement to the judgment made no material change therein and it should never have been made. Mancel v. Castles, 93 Texas, 414, 55 S. W., 559; Waggoner v. Davis, 261 S. W., 482; Perkins v. Dunlavy, 61 Texas, 241; Hannon v. Henson, 15 S. W. (2d) 579. .

MR. JUDGE SMEDLEY delivered the opinion of the Commission of Appeals, Section B.

Defendant in error R. W. Holt conveyed to plaintiff in error A. J. Swanson an undivided one-eighth interest in a tract of land in Gregg County containing 225 acres. Thereafter Swanson and plaintiff in error Willie Holt, who was the owner of an undivided seven-eighths interest in the tract of land, con-

veyed to plaintiff in error Robert E. O'Keefe an undivided one-fourth interest in the oil, gas and other minerals in 28 acres of the 225 acre tract. O'Keefe conveyed to plaintiff in error L. A. Norris an undivided one-eighth interest in the oil, gas and other minerals in the 28 acre tract, and together with Swanson executed to Norris an oil and gas lease upon said tract.

After trial before a jury, which found that defendant in error R. W. Holt had been induced by fraudulent representations made by plaintiffs in error Swanson and Willie Holt to execute the deed conveying his one-eighth interest to Swanson and that the other plaintiffs in error acquired their interests with notice of the fraud, judgment was rendered by the District Court of Gregg County in favor of defendant in error R. W. Holt against all of plaintiffs in error for the title and possession of an undivided one-eighth interest in the 225 acre tract of land, and cancelling the several instruments above described.

The transcript shows that the judgment was rendered July 1, 1931. Plaintiffs in error elected to take the case to the Court of Civil Appeals by writ of error rather than by the ordinary method of appeal, and filed their petition and their writ of error bond on February 6, 1932, more than six months after the date on which the judgment was rendered. The judgment, however, was amended, as hereinafter more particularly shown, by an order made on August 7, 1931, during the term at which the original judgment was rendered. The Court of Civil Appeals dismissed the appeal, holding that the period of six months within which writ of error might be sued out should be computed from July 1, 1931, the date of the rendition of the original judgment. 56 S. W. (2d) 266. Writ of error was granted by the Supreme Court on account of conflict with Luck v. Hopkins, 92 Texas, 426, 49 S. W., 360.

The order amending the judgment is as follows:

"On this 7th day of August, 1931, came on to be heard in open court the motion of the defendant, Robert E. O'Keefe, to modify, amend and correct the judgment herein, and the plaintiff being in court by his attorneys and the matter having been heard, it is considered by the court and adjudged that the judgment made and entered herein should be modified and corrected in the following particulars, to-wit: Wherein in said judgment occurs the following:

"'It is further ordered, adjudged and decreed by the Court that a certain mineral deed from Willie Holt and A. J. Swanson to Robert E. O'Keefe, dated March 13th, 1931, filed March 13,

1931, signed March 13, 1931, and witnessed by L. A. Norris and F. A. Swanson, and recorded in Deed Records of Gregg County, Texas, under original file No. 7927, be, and the same is hereby cancelled, vacated, annulled and decreed to be of no further force and effect and void, and the cloud cast upon plaintiff's title to the land and premises above described, by virtue of such instrument and the record thereof, be, and the same is hereby completely removed.' The same appearing in said judgment as entered in minute Book M, at page 305 from line 12 to line 19, and again from line 27 to line 34; it is ordered adjudged and decreed that the same be amended, modified and changed by the addition of the phrase 'in so far as the rights of the plaintiff are affected thereby' after the words 'and void' so that the same, when amended, shall read as follows, to-wit: 'It is further ordered, adjudged and decreed by the court, that a certain mineral deed from Willie Holt and A. J. Swanson to Robert E. O'Keefe, dated March 13, 1931, filed March 13, 1931, signed March 13, 1931, and witnessed by L. A. Norris and F. A. Swanson, and recorded in Deed Records of Gregg County, Texas, under original file No. 7927, be, and the same is hereby cancelled, vacated, annulled and decreed to be of no further force and effect and void, *in so far as the rights of the plaintiff are effected thereby,* and the cloud cast upon plaintiff's title to the land and premises above described, by virtue of such instrument and the record thereof, be, and the same is hereby completely removed.'

"It is further ordered that this order take effect as of the 7th day of August, 1931."

From the last paragraph of this order and the words, "filed October 23, 1931," appearing on the margin of the transcript, and from statements in the petition for writ of error and in the arguments, it seems that the order was entered nunc pro tunc on October 23, 1931, during a subsequent term of court. The entry of the order nunc pro tunc is unimportant, however, in view of the conclusion hereinafter stated. The recitals in the order of correction or amendment show, without contradiction elsewhere in the record, that the order was made, that is, that the court's action in settling and declaring its decision which amended or corrected the judgment was taken, on August 7, 1931. If the action taken by the court on August 7, 1931, amending or correcting the judgment amounted to the rendition of the final judgment in the case, then the appeal should not have been dismissed, as the petition for writ of error and the bond were filed within six months from that date.

The first opinion of the Court of Civil Appeals seems to have based the dismissal of the appeal upon the conclusion that the amendment made no material change in the judgment. The opinion on rehearing, however, viewed the order as being, instead of a correction of the first judgment, merely an order allowing a correction of the judgment to be made and as being ineffective as a correction or amendment, in the absence of a new entry of a complete judgment conforming to the order of amendment and replacing the original judgment. It held that this case is to be distinguished from Luck v. Hopkins, 92 Texas, 426, 49 S. W., 360, because in that case a formal judgment in full and at length was entered replacing the former judgment.

The order of August 7, 1931, in our opinion was intended, and was of itself effective, to amend and correct the judgment. By its terms it adjudged and decreed an amendment of the judgment whereby a new paragraph was substituted for a paragraph appearing in the original judgment. The difference between this method of amendment or correction and the method used in Luck v. Hopkins is one of mere form. There the amendment or correction was accomplished by rewriting and re-entering in the minutes the entire judgment, incorporating in the rewritten judgment the change desired to be made. Here the method used was to make an order substituting for a paragraph of the original judgment by appropriate book and page reference a new paragraph containing the change. The result is the same under either method. The court's full and final decision of the case is reflected as clearly and definitely by an order, rewriting one paragraph and substituting it for a paragraph of the judgment originally rendered and leaving unchanged and in full effect all of the original judgment except the one paragraph, as it would be by a rewriting of the entire judgment.

In Luck v. Hopkins, as here, the corrections made were unimportant, but they were judicial in character rather than formal, and it was held that the time within which the petition for writ of error and bond could be filed began to run when the corrected judgment was rendered. The action taken in the instant case on August 7, 1931, was not an order to the ministerial officer of the court to correct the erroneous entry of the court's former judgment. It was a judicial action of the court correcting what the court deemed a judicial error. By the original judgment the court decreed entirely void the deed whereby Swanson and Willie Holt conveyed to O'Keefe an undivided one-fourth interest in the oil, gas and other minerals in 28 acres

of the 225 acre tract. By the amended judgment it was decreed that this deed was void only in so far as it affected the rights of the plaintiff. The record indicates that at the time the deed was executed Willie Holt was the owner of an undivided seven-eights interest in the 225 acre tract, and his joinder in the deed to O'Keefe may have been effective to convey to O'Keefe the one-fourth interest, notwithstanding the fraud alleged to have been practiced upon R. W. Holt. There was no pleadings to sustain a cancellation of the deed in so far as it affected the interest owned or conveyed by Willie Holt, and the order corrected what the trial court believed to be the judicial error made in adjudging the deed wholly void.

The order, together with the judgment as originally entered and amended by the order, constituted the court's last judicial expression in its decision of the case and the rendition of the final judgment in the case.

The judgment of the Court of Civil Appeals is reversed and the cause remanded to that court.

Opinion adopted by the Supreme Court December 4, 1935.

Rehearing overruled January 8, 1936.