## SWANSON et al. v. HOLT.

### No. 4256.

Court of Civil Appeals of Texas. Texarkana.

Sept. 17, 1936.

Rehearing Denied Oct. 8, 1936.

Wm. Hodges, of Texarkana, Underwood & Strickland, of Amarillo, and Allred & Brown, of Henderson, for plaintiffs in error.

C. R. Crum, Miss Margaret Clark, Marion S. Church, Geo. W. James, and W. F. Bane, all of Dallas, and McDonald & Grant, of Longview, for defendants in error.

HALL, Justice.

R. W. Holt brought this suit in the district court of Gregg county against A. J. Swanson, Willie Holt, R. E. O'Keefe, and L. A. Norris, to cancel and set aside a certain conveyance from him to A. J. Swanson of a one-eighth interest in 225 acres of land situated in Gregg county, Tex.

A statement of this case is to be found in (Tex.Civ.App.) 56 S.W.(2d) 266, which is adopted here. The appeal was dismissed by this court and a writ of error was granted by the Supreme Court. On December 4, 1935, the judgment of this court was by the Supreme Court reversed and remanded here for disposition. 87 S.W. (2d) 1090.

On April 9, 1936, and since the cause was remanded to this court, plaintiffs in error R. E. O'Keefe and L. A. Norris have dismissed their appeal, so the cause is here now on the record as made in the trial court by A. J. Swanson and Willie Holt, and will be considered from their standpoint alone.

In the trial court all plaintiffs in error filed separate motions for new trial, and neither adopted the motion filed by the others. O'Keefe and Norris filed lengthy motions setting out in detail their complaint at the action of the trial court. Plaintiffs in error A. J. Swanson and Willie Holt each filed a motion for new trial, setting out the following grounds: "(1) Because the verdict of the jury is contrary to the evidence; and (2) because the judgment of the court is contrary to law." These motions "form no basis for consideration either of the trial court or of the appellate court." 3 Tex.Jur. § 171, p. 265; Texas Midland R. R. v. Johnson, 20 Tex.Civ.App. 572, 50 S.W. 1044; Kronkosky v. Kuhn (Tex.Civ.App.) 259 S.W. 1009.

At the outset we are met with the motion made by defendant in error to strike the assignments of error brought forward by plaintiffs in error for several reasons; the first assignment of error, because no exception was taken to the action of the trial court in overruling the exceptions to plaintiffs' petition, and the remainder, other than No. 11, because they relate to matters raised by either O'Keefe or Norris. We think their contention in this respect is well taken. As said before, plaintiffs in error filed separate motions for new trial, and neither adopted the motion of the other. Norris and O'Keefe have dismissed their appeal, so any errors with respect to their appeal necessarily go out with their dismissal, and only the assignments brought forward by plaintiffs in error Swanson and Willie Holt in their own behalf can be considered. Austin, Banking Commissioner v. Conaway (Tex.Civ. App.) 283 S.W. 189. Motion is also made to strike assignment of error No. 11, first, because it finds no basis in Swanson's and Holt's motions for new trial; and, second, because it was not filed in the trial court. With these contentions we do not agree. Assignment No. 11 is: "The court erred in overruling the motion of defendant A. J. Swanson for peremptory instruction." Under article 1844, R.S.(Vernon's Centennial Ed.), assignments of error are not required to be filed in the trial court, but may be brought forward in the first instance in appellant's brief in the appellate court. Lamar-Delta County Levee Imp. Dist. No. 2 v. Dunn (Tex.Com.App.) 61 S.W.(2d) 816, by Commission of Appeals; same case by Court of Civil Appeals, 42 S.W.(2d) 872. Nor do we think it was necessary that the matter complained of in this assignment be called to the attention of the trial court in a motion for new trial. The court's attention had been

called thereto when plaintiffs in error Swanson and Willie Holt made motion for an instructed verdict, and a ruling was made thereon by the trial court. We do not think it was necessary to again call to the attention of the trial court the matter complained of in this assignment of error, but it is absolutely necessary that all matters forming basis of assignments of error must at some time, either during or after the trial, be called to the attention of the trial judge for a ruling. This was done in the instant case, and we think that assignment of error No. 11 is properly before this court for consideration. Phillips Petroleum Corp. v. Booles (Tex.Com.App.) 276 S.W. 667; Dallas Ry. & Terminal Co. v. Starling (Tex.Civ.App.) 84 S.W.(2d) 524. It will be remembered that assignment of error No. 11 relates to the failure of the trial court to instruct a verdict for plaintiffs in error Swanson and Willie Holt, and as such, raised only the proposition of law with respect to whether there is any testimony in the record supporting the verdict of the jury. Under an assignment of this character we are not permitted to search the record and weigh the testimony to ascertain if it is sufficiently strong to support the jury's verdict as would be necessary under an assignment complaining of the sufficiency of the evidence to support the jury's finding; such an assignment last noted would raise a question of fact to be passed upon by the trial court and must find a basis in a motion for new trial. Choate v. San Antonio & Aransas Pass Ry. Co., 91 Tex. 406, 44 S.W. 69; Hall Music Co. v. Robertson, 117 Tex. 261, 1 S.W.(2d) 857; Ochoa v. Winerich Motor Sales Co. (Tex.Com.App.) 94 S.W.(2d) 416; Hanson v. Haymann (Tex.Civ.App.) 280 S.W. 869. If the evidence in a case is conflicting, it is the duty of the trial judge to submit an issue embodying same to the jury. Then upon motion for new trial the complaint that the evidence is insufficient becomes an issue of fact to be decided in the first instance by the trial judge. But such is not the case here. Plaintiffs in error Swanson and Willie Holt simply challenge the record and by their motion for an instructed verdict assert there is no testimony upon which the jury could render a verdict. The record reflects that there is conflicting testimony with respect to the charge of fraud on the part of plaintiffs in error Swanson and Willie Holt, the sufficiency of which we are not permitted to discuss under this assignment.

Moreover, there is no fundamental error apparent on the face of the record. The trial court had jurisdiction of the subject-matter; the pleadings of defendant in error were sufficient when tested by a general demurrer, and the judgment rendered by the court below was responsive to the pleadings and the jury's findings.

Therefore, the judgment of the trial court is affirmed.