### STANOLIND OIL & GAS CO. v. McKENZIE.

### No. 3676.

Court of Civil Appeals of Texas. El Paso.

April 7, 1938.

Rehearing Denied April 21, 1938.

Clay Tallman and Leslie A. Thompson, both of Tulsa, Okl., and F. J. Scurlock and Turner, Rodgers & Winn, all of Dallas, for appellant.

R. D. Blaydes and Silliman & Bullock, all of Fort Stockton, for appellee.

NEALON, Chief Justice.

Appellant sued appellee in the district court of Pecos county. The case was tried before the court. No jury was had. The judgment was in favor of appellee. The term of court at which the cause was heard began July 12, 1937, and ended August 3, 1937. The judgment was reduced to writing and entered in the minutes of the court on August 3, 1937, but recited that it was rendered on July 14, 1937. An appeal bond was filed by appellant on August 24, 1937, more than 20 days after the expiration of the term. The term of court was not one which might by law continue more than 8 weeks. September 22(?), 1937, appellant filed a motion to correct an alleged mistake in the date of the judgment. The judge entered an order which is styled a nunc pro tunc judgment, and which corrected the mistake in the date of the judgment so that it should read: "the 3rd day of August," rather than the "14th day of July." The judgment as originally entered recited that it was excepted to by plaintiff and that plaintiff in open court gave notice of appeal to this court. The same recital is contained in the so-called nunc pro tunc judgment. Appellee has filed and urged a motion to dis-

miss on the ground that this court has not acquired jurisdiction, claiming that the appeal bond was filed more than 20 days after the adjournment of court. She urges in argument that the only judgment entered was that which was entered on the minutes of August 3, 1937, and that the nunc pro tunc correction made by the trial judge was not a judgment from which appellant could appeal, and that consequently its appeal bond filed September 29, 1937, is ineffective to give this court jurisdiction. It is urged that, in the absence of a notice of appeal given in open court, jurisdiction of the Court of Civil Appeals could not attach, that the so-called judgment was rendered in vacation, and, therefore, the recital therein that defendant excepted in open court and gave notice of appeal cannot be correct. Appellant contends that it is appealing from nunc pro tunc judgment entered September 20, 1937, and that, under the authority of Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360, jurisdiction has attached.

It is essential to jurisdiction that notice of appeal be given during the term at which a judgment is rendered, and that it be given in open court. Noblett v. Olive, Tex.Civ.App., 259 S.W. 305; Tarver v. Godsey, Tex.Civ.App., 82 S.W.2d 1031; Rausch v. Western Union Telegraph Co., Tex.Civ.App., 70 S.W.2d 655; Swanson v. Holt, 126 Tex. 383, 87 S.W.2d 1090.

If this appeal is to be maintained it must be because the order entered by the trial judge on September 20, 1937, was a judgment of the court. If it was merely an order entered by the judge when court was not in session, it is not a judgment, article 2229, R.S., authorizes a judge, during vacation, to correct an omission or mistake in a judgment. However, he cannot enter judgment nunc pro tunc during vacation. No such power is to be implied from the power granted under the provisions of article 2229. We judicially know that this order was not entered at a regular term of the district court of the 112th judicial district. There is nothing in the record to show that it was made at a special term of the court, and, in the absence of such showing, we cannot presume that it was made at a special term. It must, therefore, be taken and considered as made in vacation. This subject was treated at length by Justice Neill in Accousi v. G. A. Stowers Furniture Co., Tex.Civ.App., 83 S.W. 1104. As far as we know, the principles there declared have not been departed from by the appellate courts of Texas. We have no recourse, therefore, except to dismiss the appeal.

Appeal dismissed.