## MAGNOLIA PETROLEUM CO. v. WHEELER.

### No. 5384.

Court of Civil Appeals of Texas. Texarkana.

Aug. 17, 1939.

Rehearing Denied Sept. 28, 1939.

Bramlette & Levy, of Longview, and Walace Hawkins, of Dallas, for appellant.

M. M. Williams, of Houston, for appellee.

HALL, Justice.

This suit was instituted by appellee, Annie Mae Wheeler, against appellant, Magnolia Petroleum Company, for a twofold purpose. In her first amended original petition appellee sought, in the first count thereof, to set aside a judgment theretofore rendered in the District Court of Gregg County in her favor for $250, alleging that she was a minor at the time of the rendition of that judgment and was represented in that suit by her father as next friend. It was also alleged by appellee that the former judgment sought to be set aside was rendered through fraud, accident or mistake, that she did not get a fair recovery; and that appellee being a minor at the time the former judgment was rendered, was incompetent to contribute in any way to the entry of said judgment; that the settlement made be-, fore the entry of said judgment was entered into by and between her father, who was adversely interested to her and was disqualified to act as next friend, and the agent of appellant; that there is good cause to believe that a different result would be obtained by setting the judgment aside and hearing her cause of action, and if this is not done she will sustain substantial and irreparable injury. Appellee

alleged further that said former judgment was rendered in a suit brought in the district court for the sum of $500, which amount was below the jurisdiction of the district court as provided by the Constitution (Vernon's Ann.St.Const. art. 5, § 8). The second count in appellee's petition set out her cause of action against appellant for damages.

Appellant answered with general denial, and alleged further in reply to the first count in appellee's amended petition that a settlement agreement was entered into by appellant and appellee acting through her father as next friend; that appellee acting by and through said next friend instituted suit in the district court of Gregg County against appellant, and the court, after hearing evidence, approved the settlement agreement and rendered judgment for appellee accordingly. Appellant alleged, further, that said settlement agreement was fair; that it has complied with the terms of said settlement agreement and judgment rendered by paying into the registry of the court the damages assessed against it. Appellant denied allegations in the second count of appellee's amended petition, and alleged that appellee was guilty of negligence in various particulars on the occasion of her injury.

Trial was to a jury on special issues, and upon the answers to which the trial court rendered judgment for appellee, setting aside the former judgment and for $720 damages. The cause is now properly before this court on appeal.

We are met at the outset with the contentions advanced by appellee that this court has no jurisdiction of this appeal because (1) "jurisdiction does not lie in a district court where the amount involved is $500 or less;" and (2) "this appeal can not stand on the nunc pro tunc judgment as given in this cause." We shall discuss the second proposition first.

The record discloses that the trial of this cause was begun on October 1, 1936, and concluded October 8, 1936. Before the term of court at which this cause was tried ended the district judge by proper order extended the term in order to conclude certain matters pertaining to the case. Judgment was rendered for appellee on November 14, 1936, during the time covered by the extension order, and was recorded by the clerk November 16, 1936. On November 15, 1936, the Honorable W.

C. Hurst, the district judge who tried this case and who rendered judgment therein, resigned and the Honorable Clarence E. McGaw was appointed in his stead. On December 31, 1936, Judge Hurst entered a corrected judgment as of November 14, 1936, and from that judgment appellant attempted to perfect an appeal to this court. That appeal was, on motion of appellee, dismissed by this court on the 10th day of June, 1937. On June 1, 1937, appellant filed its motion to enter a nunc pro tunc judgment and after due notice of said motion and a hearing at a regular term of the court Judge C. E. McGaw entered a judgment nunc pro tunc on July 17, 1937. A supersedeas bond was filed by appellant July 19, 1937, and the transcript and statement of facts were filed in this court July 26, 1937.

■■■■ The contention of appellee that this appeal was not filed in time must be overruled. It is clear from this record that the appeal was perfected well within the time allowed by law from the date of entry of the nunc pro tunc judgment. Either party to an action may appeal from a judgment entered nunc pro tunc within the time prescribed by law from the date of such entry. Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360; Swanson v. Holt, 126 Tex. 383, 87 S.W.2d 1090; Batson v. Bentley, Tex.Civ.App., 297 S.W. 769, and cases there cited. And the fact, as contended by appellee, that the judgment last entered changed but little the terms of the first judgment would not affect appellant's right to appeal therefrom. Appellant had the right to move for the correction of the judgment entered November 14, 1936, so as to make it conform to the judgment actually rendered by the court. As said by Judge Phillips for the Supreme Court, Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041: "If a court is made aware that through mistake or omission its records do not recite its judgment as actually rendered, we do not doubt that it is not only the right but the duty of the court, of its own motion and after due notice to the parties, to order the proper entry."

In that case six years had elapsed between the rendition of the judgment and the filing of the motion for a nunc pro tunc order to correct same. In Luck v. Hopkins, supra, it is said [92 Tex. 426, 49 S.W. 361]: "The effect of entering the judgment of July 9, 1897, was to vacate and set aside the judgment of May 28th

of the same year. The judgment last entered is the one now in force, and must be executed, if not reversed, and is therefore the judgment to be reviewed in this proceeding. * * * It does not matter that the judgment last entered was similar to, or in fact the same as, the first judgment, for the reason that the first judgment no longer existed after that of July 9th was rendered by the court."

We shall next consider the first contention made by appellee which is, in effect, that the judgment which this suit seeks to vacate was rendered in a suit for $500 damages which amount does not invoke the jurisdiction of the district court. The former suit was brought by the father as next friend of appellee and another minor daughter. It was alleged that appellee's damages was $500 and the damages sought for the other minor was $250. The alleged injury to each of these parties grew out of the same transaction, the collision of their car with the truck of appellant at the identical time. The same evidence would apply with equal force to the claim of each minor. In this situation the claims for damages of the two minors were properly joined in the same suit and the jurisdiction of the trial court would be fixed by the aggregate of the claims of the two minors, which would constitute the amount in controversy. In that case it was $750, an amount sufficient to invoke the jurisdiction of the district court. Myers v. Flewellen, Tex.Civ.App., 47 S.W.2d 657, and cases there cited. This proposition is respectfully overruled.

By its first five propositions appellant asserts that the trial court should have entered judgment for it based upon the answers of the jury to special issues Nos. 32 and 33. These special issues and their answers are:

"Do you find from a preponderance of the evidence that the agreement by settlement of Annie Mae Wheeler's claim, entered into by Sidney Wheeler and the Defendant in July, 1935, was made fairly and without fraud? Answer yes or no."

Answer: "Yes."

"Do you find from a preponderance of the evidence that the judgment of the court entered in July, 1935, whereby damages were awarded to the plaintiff, Annie Mae Wheeler, was obtained fairly and without fraud? Answer yes or no."

Answer: "Yes."

Appellee's right to set aside the judgment in the first suit depended upon a finding by the jury that said judgment and the agreement entered into prior to its rendition were unfair to appellee and induced by fraud on the part of appellant. As shown by the answers to issues set out above, the jury did not so find. On the contrary, the jury's answers to these issues, based upon sufficient evidence, absolves appellant of the charge of unfairness and fraud respecting the agreement and the judgment in the first suit. Therefore we conclude that the judgment of the trial court in this case vacating the former judgment presents error and should be reversed and judgment here rendered for appellant.

The judgment is reversed and rendered.