**WEBSTER et al. v. SMITH et al.**
**No. 2756.**

Court of Civil Appeals of Texas. Eastland.
Jan. 6, 1950.

———◆——

W. H. Reid, Dallas; Watson & Willoughby, Stamford, Tom Davis, Haskell, for appellants.

Smith & Smith, Anson, for appellees.

COLLINGS, Justice.

This is a suit brought by appellants, A. B. Webster and J. E. Bernard, against appellees, Gilbert Smith and A. J. Smith, Sr., in trespass to try title to recover lands in Reeves County, Texas, and to set aside a judgment of foreclosure. From a judgment in favor of appellees, this appeal is brought.

The material facts in the case are, in substance, as follows: on January 10, 1934, A. B. Webster was the sole owner of a 233⅔ acre tract of land in Reeves County, Texas, and on that date, executed and delivered to the law firm of Smith & Smith a deed of trust conveying a one-half undivided interest in such land to secure his promissory note of even date therewith in the sum of $500.00. The law firm in question was composed of A. J. Smith, Sr., and Gilbert Smith, appellees herein.

On July 10, 1937, Gilbert Smith, then the owner of said note and deed of trust lien, filed suit in the District Court of Jones County, Texas, against A. B. Webster, for judgment on said note and foreclosure of said deed of trust lien. Citation was issued by the clerk of said court and service was had on A. B. Webster on July 13, 1937, by the sheriff of Jones County. The citation, service and return were in all things regular and in accordance with statutory requirements except the copy thereof served on A. B. Webster which was not signed at the bottom by the clerk of said court.

On September 7, 1937, a default judgment was rendered by the District Court of Jones County in favor of Gilbert Smith against A. B. Webster, for the amount of said note, interest and attorney's fees and a foreclosure of the deed of trust lien on the undivided one-half interest in the Reeves County land involved in this suit. Thereafter, on September 13, 1937, and at the same term of said District Court, an amended and corrected judgment was entered in said cause which, except for the introductory paragraph, was the same as the judgment dated September 7th, except that the amount of the judgment was corrected to be $615.90 rather than $557.30 as provided in the judgment of September 7th.

On April 5, 1938, an order of sale was issued under the original judgment dated September 7, 1937, without any reference to the correction of September 13, 1937, and under such order of sale, the sheriff of Reeves County duly advertised and sold said one-half undivided interests in the land here involved. The sheriff gave legal notice in writing to A. B. Webster of this sale.

The one-half undivided interest in the land was purchased at the sale by appellee Gilbert Smith for a valuable cash consideration from the proceeds of which the judgment of September 7th was credited with the amount of $64.05.

Thereafter, on June 28, 1939, an execution was issued on said judgment of September 7, 1937, without reference to the correction of September 13th and the sheriff of Reeves County levied on the remaining undivided one-half interest in said land, and after advertising same for sale and again giving written notice to A. B. Webster, sold said remaining interest by virtue of said execution to appellee Gilbert Smith for a valuable consideration and the amount of $75.60 was thereby credited to said judgment. Thereafter, and prior to the filing of the instant suit, Gilbert Smith, by deed, conveyed to appellee A. J. Smith, Sr., an undivided one-half interest in said land, and A. B. Webster and wife executed a deed to appellant J. E.

Bernard for a recited consideration of $100.00.

Appellants were plaintiffs in the court below. Their right to prevail in this cause hinges upon the question of the validity of the judgment of September 7, 1937, the order of sale and execution issued thereunder, and upon appellants' right to attack such judgment, order of sale and execution in this law suit. They question the validity of the judgment because the copy of the citation received by A. B. Webster when service was had upon him was not signed by the clerk and contend that the judgment was thereby rendered invalid and void on its face. This contention cannot be sustained. Such judgment recited that the defendant, A. B. Webster, was "duly cited to appear." The officer's return on the citation on file among the papers of the case also indicates that Webster was duly served and there is nothing contained in any of the papers on file in such case which suggests anything to the contrary. Facts not of record in the case were required to disclose the defect complained of. The judgment was, therefore, not void and the court did not err in so holding. At most, it was only voidable. Houston Oil Co. of Texas v. Randolph, Tex.Com.App., 251 S.W. 794, 28 A.L.R. 926 and Empire Gas & Fuel Co. et al., v. Albright et al., 126 Tex. 485, 87 S.W.2d 1092.

A. B. Webster had knowledge of the suit brought against him by Gilbert Smith in 1937 before judgment was entered and thereafter had knowledge of the sales of said land under the order of sale and execution upon said judgment. The first attack upon the judgment of September 7, 1937, was this suit in which Webster and Bernard seek to set it aside. The suit was brought on August 13, 1948, almost eleven years after the date of such judgment. In our opinion, the court did not err in holding that A. B. Webster and Bernard, whose claim was through Webster, were barred from attacking the judgment by the four year statute of limitation under Article 5529, Vernon's Annotated Civil Statutes. Johnson v. Cole, Tex.Civ.App., 138 S.W.2d 910, Writ Ref.; Swearingen v. Swearingen, Tex.Civ. App., 193 S.W. 442 and 25 Tex.Jur., page 643.

Appellants further contend that the court erred in holding valid the order of sale and execution issued under the judgment of September 7, 1937 and the sales of the land in question thereunder. It is urged that such judgment was vacated, set aside and superseded by an amended judgment on September 13, 1937. The first paragraph of the amended judgment was as follows: "Upon this, the 13th day of September, 1937, came on for correction the judgment as rendered and entered in this cause on the 7th day of September, 1937, which is of record in Volume 12 at Page 255 of the Minutes of this Court in which said judgment for an amount of $557.30 when it should have been for the amount of $615.90 and this judgment is entered in lieu of and as an amended judgment to the judgment above described."

The remaining portion of such amended judgment, except the amount, is in exact language as that used in the judgment of September 7, 1937.

Since the term was still in session, the court had power to correct or to vacate and set aside the judgment of September 7, 1937. There is no question that if the judgment was set aside and vacated it will not support an execution. Wright v. Wright, 6 Tex. 29; Luck v. Hopkins, 92 Tex. 426, 49 S.W. 360; 18 Tex.Jur., page 574.

The question presented is whether the effect of the amended judgment entered by the court on September 13, 1937 was to vacate and annul the prior judgment and substitute another in its place, or was simply a correction of an error or mistake in such judgment as entered so that it might truly reflect the judgment actually rendered. It has been held that this question is not determined by a consideration of whether the judgment is rewritten as a whole instead of the rewriting or changing only a portion thereof. The method used to effect the amendment is immaterial. The determining factor is the nature of the change made. If the

change is judicial in character, that is, if the correction is of what is deemed to be a judicial error, the prior judgment is at least in part set aside and superseded and there is a new or substituted judgment. If the change is in effect the correction of an erroneous entry in order to accurately portray the judgment rendered in the first place, then there is no new judgment but merely a correction of the old one to make it truly reflect what was actually done. Swanson v. Holt, 126 Tex. 383, 87 S.W.2d 1090; 49 C.J.S., Judgments, § 247, page 459; O'Daniel v. Libal, Tex. Civ.App., 196 S.W.2d 211; Collins v. Davenport, Tex.Civ.App., 192 S.W.2d 291; Arrlington et al. v. McDaniel et al., 119 Tex. 148, 25 S.W.2d 295.

The only change made by the amended judgment of September 13, 1937, was to correct the amount of the original judgment by increasing it in the sum of $58.60. The exact question as we see it is, was the correction in the amount of the judgment occasioned by a judicial error of the court in arriving at the amount in the first instance or by reason of a miscalculation or inadvertent omission in arriving at the total amount of the principal, interest and attorney's fees. Where there is nothing in the judgment, the roll or the evidence to assist in the determination of this question, it will not be presumed that the facts which occasioned such a change were such as to render invalid a judgment under attack. The burden of showing a judgment invalid rests upon the party attacking it. 25 Tex.Jur. page 842. In this case there is nothing in the original judgment, amendment thereto or the evidence to show that the change was occasioned by a judicial error. In fact, there is no evidence on the question, one way or the other. Such indication as there is in the judgment would seem to favor a clerical rather than judicial error. The judgment of September 7th provides that the plaintiff therein was entitled to recover 10% attorney's fees and if the amount of such judgment was for principal and interest only, the change made by the amendment is approximately what the attorney's fees would amount to. Also, the judgment

of September 7th recites that plaintiffs' claim "is upon a liquidated demand" for principal, interest and attorney's fees, which would indicate that the only question involved in arriving at the total amount of the judgment was a matter of mathematical calculation of such principal, interest and attorney's fees. In the absence of some showing to the contrary, it is our opinion that the record presented justifies the conclusion that the error and correction were clerical and not judicial. Swanson v. Holt, supra; 49 C.J.S., Judgments, § 263, page 477; De Hymel et ux. v. Scottish-American Mortg. Co., 80 Tex. 493, 16 S.W. 311; Raike v. Clayton, Tex.Civ.App., 175 S.W. 498.

The judgment of September 7, 1937, continued in full effect as corrected by the amendment of September 13th and the trial court did not err in holding valid the order of sale, execution and sales had thereunder.

The judgment of the trial court is affirmed.