JOHN D. THOMPSON, Appellee, v. GREAT WESTERN ACCIDENT ASSOCIATION, Appellant.

136    557
137    591
137    650

**Appeal:** WHEN MAY BE TAKEN. An appeal will not lie from an entry on the judge's calendar ordering judgment, but the judgment must be first spread upon the records by the clerk.

**Judgment:** DATE OF ENTRY: CORRECTION. Where the clerk has affixed to the record of a judgment a date other than that upon which it was in fact entered the error may be corrected by an order of the court.

**Injunction:** DISMISSAL: APPEAL. An action in equity to enjoin a regular and proper proceeding at law will not lie.

**Appeal:** DISMISSAL. An appeal which is taken prior to the time entry of the judgment is spread upon the records will be dismissed.

**Judgments:** CORRECTION OF RECORD. A motion to correct the record of a judgment so as to show its true date is broad enough to embrace the appearance docket as well.

**Same.** Where the court orders the correction of the record of a judgment to show its true date of entry, the corrective order relates to the judgment and has the effect to control it so that both parties are bound thereby.

**Second appeal.** A premature appeal is of no effect and is not ground for the dismissal of a subsequent appeal.

**Appeal:** LIMITATION OF RIGHT. The right of an appeal dates from the time the judgment was actually spread upon the records and is unaffected by a subsequent order correcting the record to show such date.

*Appeal from Black Hawk District Court.*—HON. F. C.
PLATT, Judge.

SATURDAY, DECEMBER 14, 1907.

THIS action was brought at law to recover upon an accident insurance policy.   There are several appeals before us,
and the defendant is appellant in each.   We shall dispose
of all such appeals in one opinion.   The situation presented,
and the matters of controversy arising therefrom, will be
set forth in the opinion.   *Affirmed* as to order correcting
record of judgment and as to decree dismissing petition for
injunction and appeals from judgment *dismissed.*

*Baily & Stipp,* and *Mullan & Pickett,* for appellant.

*Lyngby & Newman,* for appellee.

BISHOP, J.— From the abstracts it appears that plaintiff commenced his action against defendant in the Black
Hawk district court in May, 1905.   Defendant answered,
and a trial was had to a jury, commencing November 7,
1905.   On November 13th a verdict was reached, the jury
finding for the plaintiff in the amount substantially as
claimed in the petition.   On the same day a motion by defendant for new trial was filed, submitted, and overruled,
and judgment was ordered on the verdict — an entry in
terms to that effect being made by the trial judge on his calendar.   On November 25th following, defendant served notice of an appeal, and filed supersedeas bond.   On December 13, 1906, plaintiff appeared in the court below, and in
a motion filed in the case pointed out that while it appeared
from the journal entry as written up in the judgment record that judgment was entered therein on November 13,
1905, still in truth and fact judgment was not entered by
spreading such entry upon the record until March 1, 1906.
The motion concluded with a demand for a correction of the

record to correspond with the truth respecting said matter of dates. It further appears that before a hearing on the motion, and on December 17, 1906, the association defendant commenced an independent action in equity in the court below, alleging in its petition the commencement of the action on the policy of insurance, the verdict and order for judgment in that case, and that judgment had been entered therein as of date November 13, 1905; alleging that within a few days after said judgment, notation was made in the appearance docket in the office of the clerk of the issuance of an execution on said judgment, whereupon defendant took an appeal to the Supreme Court from said judgment and filed a supersedeas bond, which bond was approved by the clerk; alleging, further, the commencement of proceedings by motion in that case to effect a change in the judgment entry respecting the date when entered. The petition then presents the contention that the effect of such a change, if made, would be to cut off the right to prosecute the appeal taken. And the prayer was for an injunction to restrain further proceedings under said motion. It appears that on January 26, 1907, the motion to correct the record came on to be heard, and it is recited that counsel for both parties appeared, although no matter in writing addressed either to the motion or the equity petition was filed. In connection with the appearances, it is further recited that " the following witnesses were sworn and their evidence taken on said motion; the evidence being offered by plaintiff in support of said motion, and by defendant on its equitable petition." And after setting forth the evidence taken, it is again recited that " it is agreed that the evidence taken at the hearing on the motion to correct shall also be considered the evidence on the hearing of the petition for injunction," etc. On January 27, 1906, the court disposed of the motion to correct by making and entering a finding to the effect that the judgment was not written up on the judgment record until March 1, 1906, and, based

on said finding, "It is ordered that the clerk note on the record of such judgment that the same was written in such record book on the 1st day of March, 1906. Motion is accordingly sustained. To which findings and order the defendant excepts." Following this order, the clerk made entry on the judgment record as follows: "This judgment was entered of record March 1, 1906, S. M. Bentley, clerk; and this entry is made this 27th day of January, 1907, by order of district court. S. M. Bentley, clerk." On the 10th day of February, 1907, the defendant gave notice of appeal to this court "from the judgment entered in said cause, and from the judgment and order upon plaintiff's motion to correct the record, and from all other findings, rulings, orders, and judgments made and entered in said cause adverse to defendant." On March 14, 1907, the court entered a decree dismissing the petition in equity, and on the 20th day of March, 1907, the association, plaintiff in that case, perfected an appeal to this court.

The right of the trial court to proceed to a correction of its record under motion is not seriously questioned. And it could not well be. It is fundamental that in the course

1. APPEAL: when may be taken.

of judicial procedure — where time is material, as in the date of a judgment — things done should bear date as of the time when done. In our law, the entry on the judge's calendar is no more than an order for judgment; there is no judgment which can be enforced, or from which an appeal can be taken, until an entry thereof has actually been spread upon the judgment record of the court. *Baxter v. Pritchard,* 113 Iowa, 422; *Kennedy v. Bank,* 119 Iowa, 123; *Martin, v. Martin,* 125 Iowa, 73; *Stutsman v. Sharpless,* 125 Iowa, 335; *Hoffman v. Stark,* 132 Iowa, 100.

Where, therefore, the clerk in entering judgment affixes thereto a date other than that on which the entry is in fact made, he departs from the line of his duty and involves the record in error, and it is not material whether the error is

designated as one of mistake or of omission by the clerk.  It
is provided by statute that a mistake or omis-

**2. JUDGMENT:**
**date of entry:**
**correction.**

sion of such character may be corrected by
the court on motion filed within the year.
Code, section 4093.   This is what was done in the instant
case.   Unless, therefore, the finding of the court upon the
fact question presented by the motion was without war-
rant, there is nothing in the situation, thus far considered,
of which the defendant can be heard to complain.   Look-
ing to the evidence produced before the court on the hear-
ing, it is practically without dispute that the judgment
entry was not made until March 1, 1906.   It follows that
the second appeal, in so far as it has relation to the order
of correction, is without merit.

So, also, the appeal from the decree in the equitable
action instituted for an injunction is without merit.   An

**3. INJUNCTION:**
**dismissal:**
**appeal:**

action in equity, the sole purpose of which
is to enjoin regular and orderly proceedings
at law, will not lie.   Pomeroy on Equity, section 1361.

Plaintiff, by motion and in argument, addressed to the
first appeal, insists that the same should be dismissed be-
cause prematurely taken.   And in view of the holdings in

**4. APPEAL:**
**dismissal.**

our former cases — herein above cited — we
see no escape from the logic of the argument.
At the time the appeal was sought to be taken, there was
nothing of record save a notation of dates and amounts
on the appearance docket.   And the appearance docket is
not the judgment record book which the law requires shall
be kept and on the pages of which the entry of judgment
shall be spread.   Code, section 288, subdivision 1.

But counsel for appellant say that no error in the
judgment entry as recorded was shown; that the entry fol-

**5. JUDGMENTS:**
**correction of**
**record.**

lowed the memorandum on the judge's calen-
dar, and that the error, if any, was in making
the entries in the appearance docket.   And
as to such, it is said, the motion to correct was not di-

rected.   The trouble with this contention is that the judgment entry itself starts out with the phrase " now on the 13th day of November, 1905," etc.   And the effect was to proclaim that the judgment was entered on that day. Therein was error because, confessedly, the entry was not then made, and no judgment rights or liabilities arose until long after.   And as the motion made was to correct the record, it was broad enough to take in both the appearance docket and the judgment record.

Counsel also question the sufficiency of the notation made on the record by the clerk to work a correction of the record.   And in the course of argument it is said that a memorandum by the clerk cannot be considered in determining when the judgment was entered.   To the point thus made, *Buck v. Holt,* 74 Iowa, 294, and other like cases are cited.   But in those cases it appeared that the notation by the clerk was not only made subsequent to the entry of judgment but on his own motion.   Here the notation was made on an order of court.   Moreover, it may be doubted if any notation on the face of the judgment entry was necessary; the corrective order upon being entered had relation to the judgment, and in contemplation of law direct effect to control the same, so that both parties became bound thereby.   We conclude that inasmuch as the records of the court were open to the parties, and they could have ascertained the condition of the particular record by inspection, and as defendant failed to make such inspection, it is in no position to complain.   The hardship of being compelled to submit to a dismissal of the appeal is one for which there seems to be no remedy.

6. SAME.

Passing now to a consideration of the appeal from the judgment taken February 10, 1907, it is insisted by counsel for appellee, among other things, that the same should be dismissed for that a second appeal cannot be taken while the first appeal is still

7. SECOND APPEAL.

pending.  And *Newbury v. Getchell,* 106 Iowa, 140, and
*Stutsman v. Sharpless,* 125 Iowa, 335, are relied upon in
support.  The trouble with this contention is that within
the contemplation of law the so-called first appeal cannot
be taken in any sense as an appeal.  Without something
to appeal from, there could not be an appeal, and any step
taken in that direction would be of no validity or effect.
Being void it might be ignored.  This conclusion is not
at variance with anything that is said in the cases cited.
In the *Newbury* case, there were two appeals, but both
were taken after the entry of judgment, and the point made
was that a second appeal could not be taken while the first
was pending.  In the *Stutsman* case, an appeal was taken
before entry of judgment, and such appeal was dismissed
in this court.  Subsequently judgment was entered in the
court below, and therefrom an appeal was sought to be
prosecuted.  The first appeal, as we have seen, had been
dismissed, and the point principally relied upon by ap-
pellee was that the second appeal was not in time.

   Aside from this, however, counsel for appellee point
out that the appeal presently being considered was not taken
until after the expiration of six months from the date on
which judgment was entered of record, and,
8. APPEAL:
   limitation    relying on this, they insist that the appeal
   of right.     should be dismissed as not in time.  As
against this, counsel for appellant urge in argument that
the record of the judgment was not complete until corrected
in January, 1907, and hence the appeal was in time.  We
think the argument for appellant does not answer the de-
mand for a dismissal.  The judgment was entered on
March 1, 1906, and its enforceability dated from that time.
What was done subsequently did not have effect to add
to or take away any of the attributes with which the law
clothes a judgment.  The sole purpose of the subsequent
proceedings was not to work any change in the rights of
the parties, but was to ascertain, and make of record, the

time when that which had been done was done; in other words, the design was solely to mark the point of time when the relation of judgment creditor and debtor had its beginning, and therefrom to date their respective rights and liabilities. Respecting enforceability, counsel would hardly contend that the judgment did not become a lien on real estate when in fact entered, or that an execution could not have been then issued. If enforceable it became the subject of an appeal, and neither the absence of a date, nor an incorrect date, would have had effect to toll the statute. The cases cited to our attention by counsel are not in point, as we think. The statute gives to an unsuccessful litigant six months from the entry of judgment against him in which to appeal. The cases cited go no farther than to hold that such right as to time cannot be abridged by a provision in the entry that for some purposes the judgment shall have relation back to a date prior to that on which the entry was made of record. Without farther discussion, we conclude that the appeal was too late, and that in consequence thereof we have no jurisdiction to entertain it.

It follows from what has been said that the appeals respectively from the correction order and the decree in the injunction action must be, and they are, affirmed, while the several appeals from the main judgment must be, and they are, *dismissed*.