SARAH L. SPEAR, Appellee, v. JAMES J. SPEAR et al., Appellants.

APPEAL AND ERROR: Abstracts of Record—Premature Filing—Dismissal. An appeal must be dismissed when the abstract of the record is filed in the Supreme Court *before* the judgment appealed from has been entered upon the court record of the trial court.

APPEAL AND ERROR: Abstracts of Record—Filing—Extension of Time. It is suggested that an application by an appellant for an

extension of time in which to file his abstract owing to the delay of the clerk of the trial court in entering the judgment in question on the trial court records *will be granted as a matter of course.*

**Headnote 1:** 3 C. J. p. 1077. **Headnote 2:** 4 C. J. p. 468 (Anno.)

*Appeal from Cedar District Court.*—Atherton B. Clark, Judge.

## December 15, 1925.

Action in equity to cancel and set aside certain conveyances of real estate. Decree as prayed, and the defendants appeal from the finding and decree of the court on the merits. Later, a motion was filed in this court to dismiss the appeal, upon the ground that it was taken and the abstract filed before the decree was spread upon the records of the district court. Later, a proceeding was had in the district court upon a motion to correct the record as to the date on which the decree was entered thereon. The motion was sustained, and the defendants have also appealed from the ruling on the motion. The plaintiff now challenges the jurisdiction of the court to hear the case on the merits. Ruling on motion to correct the record affirmed, and the motion to dismiss the appeal is sustained.—*Appeal dismissed.*

*John J. Redmond* and *J. C. France,* for appellants.

*Johnson, Donnelly & Lynch,* for appellee.

Stevens, J.—The decree in this case was filed in the office of the clerk of the district court June 3, 1924, and so stamped. It was not, however, in fact spread upon the record until December 8th. Notice of appeal was served upon the attorneys for appellee by acceptance of service June 30, 1924, and the abstract was filed in the office of the clerk of this court December 4th. The record of the decree as originally entered by the clerk on December 8th was erroneously dated June 2, 1924. Thereafter, the plaintiff filed a motion in the court below to correct the record, so as to show the correct date on which the entry

1. Appeal and error: abstracts of record: premature filing: dismissal.

was made. The motion, which was heard orally, was supported by affidavits. The testimony introduced upon the hearing showed conclusively that the entire entry was made on December 8th. This was admitted by the clerk. The court ordered that the record be corrected so as to show this fact. This order was complied with by the clerk. It therefore appears that the abstract was filed in the office of the clerk of this court four days before the judgment was spread upon the record.

Section 12839, Code of 1924 (Section 4114, Code Supplement, 1913), is as follows:

"Notice of appeal shall not be held insufficient because served before the clerk of the trial court has spread the judgment entry upon the court record if it shall appear that such entry has been made in proper form before the appellant's abstract was filed in the office of the clerk of the Supreme Court."

The statute is negative in form, but, stated conversely, it would read as follows:

"The notice of appeal shall be held sufficient if served before the clerk has spread the judgment upon the court's record if it shall further appear that the same has been made in proper form before the appellant's abstract is filed in the office of the clerk of the Supreme Court."

It is, in effect, mandatory in either form. There is no way by which the court can escape the requirements of the statute; and, as the abstract was filed in this case before the decree had been entered in proper form upon the court's record, the ruling of the court below on the motion to correct the record must be affirmed. As bearing upon this question, attention is called to the following cases: *Sievertsen v. Paxton-Eckman Chem. Co.,* 160 Iowa 662; *Puckett v. Gunther,* 137 Iowa 647; *Thompson v. Great Western Acc. Assn.,* 136 Iowa 557; *Hoffman-Bruner Granite Co. v. Stark,* 132 Iowa 100; *Gibson v. Iowa Legion of Honor,* 178 Iowa 1156.

The above matters appearing of record without controversy, the court has no alternative but to sustain the motion to dismiss the appeal. Had appellant made application for an

2. APPEAL AND
ERROR: ab-
stracts of rec-
ord: filing: ex-
tension of time. extension of time in which to file abstract until the court's record had been made up in proper form, it would have been granted, as a matter of course. This court is always reluctant to dismiss an appeal and thereby prevent a proper review on ap- peal, but the statute is imperative, and binding upon the court.— *Appeal dismissed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.