MULLINS ET AL. v. WEBB ET AL.

*Appeal—Bond filed after 30-day period ineffective—Section
12226, General Code—Statute permitting amendment of
process liberally construed—Section 11363, General Code—
Amendment not permitted to avoid statute prescribing
time limit—Bond void when filed before decree entered—
Change or renewal thereof, or new bond, not permitted.*

1. Appeal bond, filed after period prescribed by Section 12226,
   General Code, is wholly ineffective.
2. Power to amend any process by adding or striking names
   of parties or correcting mistake, granted court under Sec-
   tion 11363, General Code, is to be exercised liberally.
3. Where time is of essence of an act, court cannot by amend-
   ment avoid effect of statute prescribing time limit.
4. Appeal bond is based on consideration that it stays the right
   to immediately realize on judgment, and, where filed long
   before decree was entered in violation of Section 12226,
   General Code, it is void, and court cannot, under Sec-
   tion 11363, permit defendants to change, renew, or give
   new bond, or substitute a different date for filing so as to
   bring bond within statutory period for filing bond.

(Decided April 7, 1927.)

APPEAL: Court of Appeals for Scioto county.

ON MOTION to dismiss.

*Mr. B. F. Kimble,* for plaintiffs.
*Messrs. Blair & Blair,* and *Messrs. Corn & Jen-
kins,* for defendants.

MAUCK, J. This case originated in the court of
common pleas, where the plaintiffs recovered a
judgment. This judgment was entered on the jour-
nal of that court April 14, 1926. The defendants

claim to have effected an appeal from that judgment to this court, but it is admitted that the terms of the appeal bond do not comply with the requirements of the statute, and it further appears that the appeal bond was executed and filed with the clerk March 1, 1926. The plaintiffs have moved to dismiss the appeal because of the lack of an effective appeal bond, and the defendants have made application to "change, renew, or give a new bond with security," and express their ability, readiness and willingness to give such bond in such form, in such sum, and with such security, as the court may require.

We treat the motion of the defendants as an application to amend under the provisions of Section 11363, General Code. If the application to amend involved only the terms of the undertaking, we would follow our own precedent in Lawrence and Vinton counties by allowing the amendment. The really serious difficulty in the case arises from the fact that the bond was filed some six weeks before the entry of the final decree appealed from.

Section 12226, General Code, provides that an appeal bond shall be filed "within thirty days after the judgment or order is entered on the journal."

It is unnecessary to cite the authorities holding that an appeal bond filed after the prescribed period is wholly ineffective. The authorities in this and other states are, however, neither plentiful nor clear on the effect of filing such a bond prematurely. It is said that in Mississippi such bonds have been upheld. *James* v. *Woods,* 65 Miss., 528, 5 So., 106; *Hughes* v. *Kaw Investment Co.,* 129 Miss., 434, 91 So., 702. The Iowa cases are to the contrary.

*Thompson* v. *Great Western Accident Co.,* 136 Iowa, 557, 114 N. W., 31; *Puckett* v. *Gunther,* 137 Iowa, 647, 114 N. W., 34, and cases there cited. In *Cram* v. *Gilman,* 83 Me., 193, 22 A., 106, the Maine court held that an appeal taken in June was premature, where the final decree was entered in July. In a number of states where the statute requires the bond to be filed within a certain number of days after the service of the notice of appeal it is held that a bond filed before such notice is ineffectual. *Little* v. *Jacks,* 68 Cal., 343, 8 P., 856, 9 P., 264, 11 P., 128; *Wilson* v. *Bartlett,* 7 Idaho, 269, 62 P., 415; *Laurendeau* v. *Fugelli,* 16 Wash., 367, 47 P., 759; *Anderson* v. *Likens,* 104 Ky., 699, 47 S. W., 867, 20 Ky. Law Rep., 471; *Healy* v. *Taylor,* 37 Idaho, 749, 218 P., 190. While these various authorities seem to indicate that a bond filed prematurely is wholly ineffective, it does not appear what power the appellate court had to permit amendments in the various jurisdictions mentioned. The Ohio case (*Wilson* v. *Holeman,* 2 Ohio, 253) held that a bond filed before the statute authorized it was defective, but gave no consideration to the possible amendment of the obligation, nor did we have at that time in this state what is now Section 11363, General Code, empowering the court to permit amendments in furtherance of justice. In *Paul* v. *Cragnaz,* 25 Nev., 293, 59 P., 857, 60 P., 983, 47 L. R. A., 540, the Nevada Supreme Court considered a case where the appeal bond was signed prematurely, but filed within the time prescribed by the statute. That court held that the filing was required by the statute only to be within the time fixed, but it added that, if it had been filed before the time, it would have been wholly nugatory.

The real question then before the court is whether or not this court may not only amend the terms of the bond, but may so cause it to be refiled as to bring the proposed appellant within the terms of the statute. Section 11363, General Code, so far as it relates to process, rather than to pleadings, gives the court power to "amend any * * * process * * * by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect."

This power is to be exercised liberally. *Austin v. Morris,* 103 Ohio St., 449, 134 N. E., 471. There is, however, of necessity, some limit to the power. Where time is of the essence of an act, the court cannot by amendment avoid the effect of the statute prescribing a time limit. *Main v. Cummins Wild West Exhibition Co.,* 84 Ohio St., 462, 95 N. E., 1151. In that case the bond was filed after the prescribed time. The statute quoted does not expressly authorize the court to substitute some other date than the real one, and for this court now to say that the bond should be refiled at some time within 30 days after April 14, 1926, would be to substitute something untrue for something that is true.

Our conclusion is that the undertaking filed long before the decree was entered was absolutely void. The consideration that supports an appeal bond is that such appeal bond stays the right of the appellee to immediately realize upon the judgment which he has recovered. There was no consideration for this bond of March 1st, for there was no judgment being stayed by it. It was given in direct conflict with the provisions of the statute, which requires

that said bond should be given within 30 days after the judgment or order is entered on the journal, and is therefore nugatory.

We find ourselves, therefore, without any power to permit the defendants "to change, renew, or give a new bond" in this case, and for that reason the motion to dismiss the appeal is sustained.

*Cause    dismissed.*

MIDDLETON, J., concurs.
SAYRE, P. J., not participating.