SUMMERTON, Gdn et v MALOY etc

Ohio Appeals, 9th Dist, Summit Co

No 1584. Decided Feb 15, 1929

Irby S Ballard, Akron, for Summerton.
Donald Gottwald, Akron, for Maloy.

FUNK, PJ.

The sole question before this court is whether or not the Common Pleas Court erred in not permitting plaintiff to amend the appeal bond and in dismissing the appeal.

Whether or not it is necessary for a party to sign the appeal bond under the wording

of said **Sec. 1579-532,** it is not necessary to decide in this case, as we are clearly of the opinion that plaintiff was entitled to amend the bond if defective under the provisions of **G. C. Sec. 11363,** and that the Common Pleas Court erred in overruling plaintiff's motion for leave to amend the bond and in sustaining the motion to dismiss the appeal after the motion to amend was filed.

We think the question here presented has been decided by our Supreme Court in the case of **Negley v. Jeffers, 28 O. S. 90,** which is substantially on all fours with the instant case. In that case the statute read **"shall** enter into an undertaking *** with surety." In the instant case the statute reads **"must** enter into an appeal bond *** with surety." We see no substantial difference between "shall enter" and "must enter," and in that case, just as in the instant case, the only complaint was that the party appealing had failed to sign the bond.

This holding is also sustained by the following decisions of our Supreme Court:

**6 O. S. 81, Irwin v. Bank of Bellefontaine.**
**31 O.S. 131, Johnson v. Johnson.**
**31 O.S. 331, Watts v. Shewell.**
**103 O.S. 449, Austin v. Morris.**

The only authorities cited by counsel for defendant to sustain his position are **6 O.S. 501, Myers and Ingersoll v. Parker, and 25 Oh. App. 352, Mullins v Webb.**

It will be noted that in the Myers and Ingersoll case it was an action to recover on the bond as given, and that the question of amendment was not before the court.

In the Mullins case the bond was not filed within the time limit provided by the statute, and of course the claim that an amendment could be had to bring the bond within the time limit, could not be sustained.

Hence, neither of said two cases cited by council for defendant, have any application to the instant case.

In the instant case the only contention is that the party appealing did not sign the bond. There is no claim that it was not filed within the proper time and not approved by the clerk, or that it was defective in any other particular. Although we are not definitely deciding that it is or is not necessary, under the wording of the Code, for the appellant to sign the bond, it may not be improper to make the observation that the appellant would be liable for any judgment obtained against him in the hearing on appeal, whether the appellant signed the appeal bond or not; so that no substantial right could be lost by the mere fact that appellant had failed to formally sign the bond.

The judgment of the Common Pleas Court is therefore reversed, and the cause remanded with instructions that the Common Pleas Court sustain plaintiff's motion and permit plaintiff to amend the appeal bond, and overrule the motion of defendant to dismiss the appeal, and for further proceedings according to law.

Pardee, J, and Washburn, J, concur.