**BONNELL, Plaintiff-Appellant, v B. & T. METALS CO.,
Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4106.   Decided March 6, 1948.

Hon. Robert P. Duncan, Columbus, Gertner & Armstrong, Columbus, for plaintiff-appellant.

W. B. McLeskey, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This appeal is on questions of law from the dismissal of the third amended petition of the plaintiff. The action of the Court was taken upon a motion of the defendant to strike the third amended petition from the files, which the Court treated as a general demurrer and sustained. Plaintiff electing to plead no further, the third amended petition was dismissed.

The narrow question presented is whether or not the third amended petition states a cause of action, and it was in the main presented in the trial Court and here more particularly as applies to an equitable cause of action. There are three causes of action set out in the petition. The first two are predicated upon a written contract whereby defendant agreed to employ the plaintiff. In the first cause of action, the plaintiff was to be employed as manager of defendant's "Chromedge" Department for a period from July 1, 1937, to June 30, 1942. In the second cause of action, the plaintiff was to be employed as general sales manager for a period of two years, beginning January 1, 1943, and ending December 31, 1944. Under the contract pleaded in the first cause of action, plaintiff was to receive the sum of $75.00 per week and an additional compensation of 30% of the net profits of the Chromedge Department of the defendant. Under the contract in the second cause of action, the plaintiff was to receive a commission in an amount equal to 30% of the net profits derived from sales of the defendant's Chromedge, Extrusion, Machine and Plating Departments, after deduction of employer's expenses, including all taxes. The third cause of action is predicated upon an oral contract whereby plaintiff was to serve defendant for one year beginning January

1, 1945, as general sales manager and to receive as compensation therefor one and one-half per cent of the gross sales of the Chromedge, Extrusion, Machine and Plating Departments. Plaintiff pleads full performance of the contracts on his part and failure of the defendant to perform. It is further pleaded in all the causes of action that the defendant made some payments to the plaintiff under the contracts and further that "all books and records of sales were kept by the defendant and their contents are unknown to the plaintiff". "Defendant falsely and fraudulently made entries in said books and records and by means of said false and fraudulent books and records defendant failed to pay plaintiff compensation and commission due by the terms of the pleaded contracts and has refused to account to the plaintiff for the amount due him". It is further alleged that the plaintiff does not know the exact amount which is due him and has not the means of ascertaining said amounts. It is further pleaded that the relationship of the parties is that of principal and agent which under the facts pleaded gives rise to and creates a fiduciary and trust relationship between the parties whereby defendant becomes trustee of the funds due plaintiff and that said funds are impressed with a trust for the benefit of the plaintiff. Plaintiff further avers that he has no adequate remedy at law, prays for an accounting, for judgment in the amount found due plaintiff on such accounting; "that the funds and assets of the corporation be impressed with the trust" in the amount found due plaintiff and for all other and proper relief.

The third amended petition embodies averments of a fiduciary or trust relationship between the parties and seeks an accounting. Both of these subjects have always been cognizable in the chancery courts. The relation of principal and agent is a fiduciary one, implying trust and confidence. **Manhattan Life Insurance Co. v Smith, 44 Oh St 156.** This relationship has always been recognized with especial application to the obligation of the agent to his principal. There is, however, no good reason why facts may not develop which would establish the same confidential relationship between, and enjoin the same obligation upon, the principal toward his agent.

Upon the averments of the third amended petition the principal, the defendant, owed the obligation to the plaintiff, its agent, to maintain books of such accuracy as that its obligation to the plaintiff could be readily and correctly determined. The mutual relations of the parties required the plaintiff to repose complete confidence in his principal and demanded the utmost good faith by the principal who

was in a superior position to the plaintiff, as he was in full and complete control of the accounting. But the petition avers that in violation of this trust defendant falsified its books and instead of keeping a true, correct and accurate accounting between the parties, set up false and fraudulent entries.

We are of the opinion that the petition under consideration does not include merely legal conclusions as to the fiduciary relationship but sets out operative facts from which it may be properly inferred. The elements upon which equity ordinarily asserts its jurisdiction, namely, fraud, fiduciary or trust relationship and the necessity for an accounting are all included in the petition. The primary relief sought is, in our opinion, an accounting which is of equitable cognizance. **Nordin v Coulton 142 Oh St 277.**

In our judgment, it also reasonably appears that plaintiff does not have an adequate remedy at law. The transactions involved covered a period of several years. It may be properly inferred that they are numerous. The plaintiff's right to compensation is predicated upon different rates and upon different bases of computation which come from the sales of several departments of the defendant company. If the contracts pleaded be admitted or established, it will be necessary that the books of the defendant company be carefully examined, not only to determine what they actually disclose but, in the light of the averment of fraud, to make decision of what they should properly show. Manifestly, determination of these facts can not adequately be made by a jury in an action at law.

The modus operandi which a court of equity will afford would seem to be the only adequate remedy available to the plaintiff to determine the ultimate amount which may be due him under his contracts. We say this with full appreciation of the scope of the statutes assuring to the plaintiff the benefits of the chancery action of discovery.

It is asserted that the provisions of the Code, §§**11551, 11552** and **11555 GC** afford the plaintiff adequate relief at law. §**11555 GC**, headed "Action for Discovery" relates only to the right of a person claiming to have a cause of action, or a defense to an action commenced against him, and is unable to file his petition or answer. **Secs. 11551, 11552 GC** are broader in application than §**11555 GC** but have never been held to supplant the right to an accounting where the facts require it. In view of the averments of the petition to which we have heretofore alluded, we are not satisfied that these sections of the Code would afford the plaintiff as

practicable, plain and complete a remedy as equity which is essential to the adequacy of the remedy at law. 10 R. C. L. 275, 277.

What constitutes a chancery case is stated by Judge Turner in the opinion of **In re Estate of Stafford, 146 Oh St 260,** wherein he adopts the definition used by Chief Justice Nichols in **Wagner v Armstrong, 93 Oh St, 443, 456,** 113 N. E. 397:

"A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. And the proper definition of the term in our new Constitution cannot be regarded as affected by the provisions of statutes relating to appeals nor by the introduction bodily of equitable remedies into our statutes."

The last sentence of this definition is of particular significance in its application to the allegation of the third amended petition here.

We examine the Ohio cases upon which the Common Pleas Court relied and the cases upon which the plaintiff-appellant relies. They are **Chapman v Lee, 45 Oh St 356, The Complete Building Show Company v Alberston, 99 Oh St 11,** and **Fitzgerald v The Cleveland Cadillac Company, 17 Oh Ap 12.** We find no conflict in the adjudication of these cited cases.

In Chapman v Lee, the plaintiffs charged the defendants with "a conspiracy to cheat and defraud the plaintiffs, and with thereby procuring and appropriating to their own use a single sum of money which rightfully belongs to the plaintiffs * * * and the answer admits the receipt of a stated sum of money". The court held that in this situation, notwithstanding the plaintiffs' prayer for full discovery, and for an account of the full amount due to them, and for an equitable lien, the action was at law. Judge Spear in the opinion, at page 364, says that the plaintiffs did not seek to trace the fund as such and enforce a lien on that, or to hold Chapman and Tracey, two of the original defendants, as trustees, "but rather to hold them all liable for money had and received by them to the use of plaintiffs". The opinion points out the necessity that an examination of the pleadings must be made to determine the primary relief sought and it was held there that it was a judgment for money against all the defendants. At page 364, it is further said:

**6**

"The receipt of money by Chapman from the source claimed, and the possession of checks, by Tracey from the same source, was admitted, and neither answer made a case different in kind from that made by the petition. Hence the simple question was whether or not this claim of the plaintiffs was true. If it was the moment that the money in settlement of the case against the Railroad Company passed into the hands of the defendant, four-tenths of it became the property of the plaintiffs, known by the recipients to be such and any appropriation of it * * *, was a wrongful use of the plaintiffs' part of the money, for which those defendants become liable to plaintiffs, and the remedy was a straight judgment against all of them."

The rationale of the opinion is that it was not necessary to invoke equitable intervention to determine the sum of money which would be represented by a judgment in behalf of plaintiffs, if they were entitled to any judgment. In the Complete Building Show Company v Albertson, supra, the differentiation between the facts there and the instant case is made apparent in the second syllabus:

"An action for the recovery of money as a debt or as damages is essentially an action at law and, **where no fiduciary or trust relation exists between the parties,** can not be converted into a suit in chancery for an accounting by averments that facts relative to plaintiff's claim and the extent of his damages are not known to plaintiff but are within the knowledge of the defendant." (Emphasis ours.)

At page 16, Judge Matthias says:

"The plaintiff has not proceeded upon the theory that the arrangement between it and the defendant constituted a trust, and does not seek to have any trust performed or executed; nor is this a case in which judgment for money can only follow as a result of a previous award of equitable relief."

Fitzgerald v Cleveland Cadillac Company, supra, is enough like the instant case in its factual pattern to control here if the pronouncement there made is sound. The opinion was written by Judge Mauck, an experienced jurist whose decisions are recognized as learned and dependable. It holds, first syllabus:

"Where an agent is to be compensated by a commission on sales, and the books of such sales are kept by the principal only,' and the amounts and sources of the commissions are known to the principal and not to the agent, the principal can be compelled in equity to account, and an appeal lies to the Court of Appeals from a decree rendered in such case."

The petition in this case merely averred that he (the plaintiff) was employed by the defendant to act as sales manager in selling automobiles on a fixed weekly wage, together with one per cent on certain net retail sales in the territory in which he served. He plead performance of the contract, failure and refusal of the defendant to perform and refusal of the defendant "to account to and with plaintiff for any balance due plaintiff on said commission account, and has refused and failed to state an account with plaintiff; that by reason thereof plaintiff is unable to state the exact amount due him from defendant," etc. The prayer was to require the defendant to render an account and for judgment for the amount found due thereon. This petition is lacking in averments of any trust relationship between the parties which is found from a consideration of all of the pleadings. No fraud was claimed. Judge Mauck had Complete Building Show Company v Albertson, supra, under consideration and quoted the second syllabus thereof, and then, at page 15, says:

"The case at bar, therefore, is not one for an accounting in equity, notwithstanding the prayers of the pleadings, if it involves nothing more than an account of debtor to creditor. It can secure a standing in chancery only by showing that a fiduciary or trust relation existed between the parties. The relation of principal and agent does not necessarily involve a trust relation, such as guardian and ward, but it may do so, and where it does so chancery will entertain a cause arising from such relation."

And then quotes at page 16 from Pomeroy Eq. Rem., Secs. 931 and 932;

"Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account to the plaintiff, equity will entertain jurisdiction of a suit for an accounting, although the account is neither mutual nor complicated. The most common of such cases are those involving trustees, guardians, executors and administrators, partners, agents and co-tenants * * * a quasi-trust relation being

sufficient. The principal difficulty is in determining in what cases equity will take jurisdiction of an accounting between principal and agent. * * * Where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction. While the rules are thus settled in favor of a principal, it does not follow that the reverse is true, and that an agent may come into equity for an accounting against his principal, since generally there is no trust or confidence reposed in the latter, and no duty on his part to account. But there are cases where an agent may maintain the action against his principal."

Davis v Marshall, 114 Va. 193, 76 S. E. 316, is cited, which applied the general rule that the principal could not be called to account in chancery to the agent, but recognized that the general rule had its exceptions and cites authorities to that effect. It is interesting to note that in the opinion in Davis v Marshall, applying the rule as heretofore stated and some of the reasons therefor, it is said at page 318, 76 S. E.:

"Adams, in his work on Equity, side page 221, after stating the general doctrine as to the right of a principal to invoke the aid of a court of equity to compel his agent to account, states that: 'It obviously follows from this doctrine that a bill for an account by an agent against his principal will not generally lie; **for it is the agent's duty, and not the principal's to keep the account.**'" (Emphasis ours.)

It is also claimed by the appellant that the demurrer should not have been sustained because if it be held that it does not state a cause of action in equity it does at law. This contention is sound. We do not find that the appellee has contended otherwise than that plaintiff's petition stated a cause of action at law for money only.

So much of the motion to strike from the third amended petition treated as a demurrer should have been overruled.

The judgment will be reversed and cause remanded.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 4106. Decided March 18, 1948.

By THE COURT.

Submitted on application for rehearing, which is presented under eight numbered paragraphs.

In our original opinion we gave full consideration to all questions essential to a determination of the legal questions presented on this appeal. No good purpose would be served by protracted discussion of the matter set forth in the application.

We adhere to our former decision. The application for rehearing will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.