### O'LEARY, Plaintiff-Appellee, v. BURNETT, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2040.   Decided March 2, 1949.

Paul H. Blum, Dayton, for plaintiff-appellee.

Jacobson & Durst, Eugene B. Bacher, Dayton, for defendants-appellants.

## OPINION

By THE COURT:

Submitted on motion of plaintiff-appellee requesting an order that the appeal bond be increased, to amend the bond and to require additional surety.

A bond was given in the amount of $9,000.00 which was the amount fixed by the trial court. The amount of the judgment and interest at this date approximates the amount of the bond. The court orders the bond increased to $10,000.00

Sec. 12223-14 GC prescribes the conditions of the bond, and in part provides:

"When said judgment is for the payment of money, the bond shall provide that if said judgment is not paid upon final affirmance that judgment may be entered against the sureties on said bond."

The bond filed herein fails to contain the provision that if judgment is not paid upon final affirmance that judgment may be entered against the surety. The bond is defective in this regard. The court orders a new bond in the amount of $10,000.00 to be given in conformity to the provisions of the statute. Sec. 12223-16 GC.

Inasmuch as a new bond is ordered with sufficient surety, the third ground of the motion to require an additional surety is hereby overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## ON MOTION TO DISMISS THE APPEAL

No. 2040    Decided March 2, 1949.

By THE COURT:

Submitted on motion of plaintiff-appellee to dismiss the appeal on questions of law and fact; also on motion of plaintiff-appellee to strike from the files the answer brief of defendant-appellant.

The point is made that this is not a chancery action. In his petition the plaintiff alleges that the defendant orally agreed to pay plaintiff 5% of the gross sale price, at least $500.00 each calendar year, on all motors manufactured and sold by the defendant for plaintiff's decedent; that the defendant agreed to use the trade name "Rotor" on all products which incorporated the motor; that defendant manufactured and sold motors in large quantities; that the defendant failed to use the trade name "Rotor" as agreed; that the defendant made certain payments but refused to make further payments and has refused the plaintiff an accounting. The plaintiff prays for judgment against defendant in the amount of $50,000.00 as damages for failing to use the trade name, for an accounting of all motors sold and for a judgment in an additional amount of money as may be disclosed by such accounting to be due.

The defendant filed an answer in the nature of a general denial and, also, set up the Statute of Frauds and Statute of Limitations.

The character of the action must be determined by the pleadings and the issues presented therein. Whether the action is one at law or in chancery is determined by the primary relief sought. There is no allegation showing, and it is not contended, that a fiduciary or trust relation existed between the parties. It appears that the relation was that of debtor and creditor. The action is essentially one at law for the recovery of money only. The primary relief sought is legal and the equitable redress is merely incidental.

An action for the recovery of money only is an action at law, and where no fiduciary or trust relation exists between the parties, such action will not be converted into an action in chancery on the ground that plaintiff has no knowledge as to the true amount due and requests an accounting to determine said amount. In support of this proposition of law the following authorities are cited: **In re Estate of Stafford, 146 Oh St 253, 261; Nordin v. Coulton, 142 Oh St 277; Building Show Co. v. Albertson, 99 Oh St 11, 15, 16; Chapman v. Lee, 45 Oh St 356, 365, 366;** Relief Assn. v. Equitable Life Assur. Soc., 63 App. 91, 95; Fitzgerald v. Cleveland Cadillac Co., 17 App. 12, 15; **Bonnell v. B. & T. Metals Co., 52 Abs 1, 5, 7.**

Motion to dismiss the appeal on questions of law and fact will be sustained. The case will be retained as an appeal on questions of law. An order will be made respecting the filing of a bill of exceptions, assignments of error and briefs in conformity to the provisions of Supplement to Rule VII.

The defendant-appellant failed to file answer brief within ten days after receipt of motion and supporting brief as required by Supplement to Rule III. The record shows that defendant-appellant's answer brief was filed eighteen days thereafter but contained no acknowledgement that a copy had been given to opposing counsel as required by Supplement to Rule III. This rule serves a salutary purpose and was adopted by the court to expedite the disposition of preliminary motions and demurrers. It must be observed that there is no penalty provided for failure to comply with the rule such as is found in Rule VII. The rule provides that when the ten day period has expired the motion or demurrer together with the briefs which are then on file shall be transmitted by the clerk to the court for disposition. In practice, counsel who fails to file an answer brief in time may be penalized by his own delay in presenting his brief to the court before a disposition is made of the matter.

The motion to strike will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.