THE LIBERAL MARKET, INC., APPELLANT, *v.* THE MAIN-NOTTINGHAM INVESTMENT CORP. ET AL., APPELLEES.

(No. 2284—Decided April 1, 1954.)

*Messrs. Froug & Froug,* for appellant.
*Messrs. Coolidge, Becker, Wall & Wood* and *Mr. Jerome Goldman,* for appellees.

*Per Curiam.* This cause is submitted on motion of appellee for an order dismissing the appeal on questions of law and fact on two grounds, first, the action is not appealable on questions of law and fact, and, second, no proper appeal bond was filed as required by law.

The action was instituted requesting a declaration by the court as to the rights, duties and responsibilities of the respective parties with reference to a lease. A temporary restraining order was granted to prevent the defendant from erecting a building pending the final disposition of the action. The request for and the granting of the temporary restraining order did not convert the action into a chancery action. *Wall* v. *Dayton Federation Co.,* 121 Ohio St., 334, 168 N. E., 847; *Complete Building Show Company* v. *Albertson,* 99 Ohio St., 11, 17, 121 N. E., 817. The primary relief sought as indicated by the pleadings and the prayer was legal. *Nordin* v. *Coulton,* 142 Ohio St., 277, 51 N. E. (2d), 717; *Wall* v. *Dayton Federation Co., supra; Complete Building Show Company* v. *Albertson, supra; O'Leary, Exr.,* v. *Burnett,* 87 Ohio App., 70, 87 N. E. (2d), 897. The proceeding is in no sense a chancery action and is not appealable on questions of law and fact. 2 Ohio Jurisprudence, 138, Section 70.

The plaintiff, appellant herein, signed an appeal bond on January 13, 1954, more than 20 days after the judgment was entered. However, a motion for new trial was filed, which was overruled by entry filed January 19, 1954. On January 19, 1954, notice of appeal on questions of law and fact was filed, and on the same day the appeal bond was filed. The appeal is taken from the judgment and, also, from the order overruling the motion for new trial. A motion for new trial having been filed, the time within which to perfect an appeal did not begin to run until the entry overruling the motion for new trial was journalized. Section 2505.07, Revised Code. Under Section 2505.06, Revised Code, the appeal bond must be filed at the time the notice of appeal is required to be filed, which was done. The fact that the bond was actually signed by the principal and surety before the entry overruling the motion for new trial was journalized did not invalidate the bond. The statutory requirement refers to the filing of the bond and not to the actual signing of the bond. Counsel for appellee cite *Mullins* v. *Webb*, 25 Ohio App., 352, 157 N. E., 815, and *Wilson* v. *Holeman*, 2 Ohio, 253, in support of their contention that the bond was prematurely filed and therefore void. In the two cases cited the bonds were not only executed but were filed in court before the judgment was entered. In the case at bar, the bond was signed after judgment had been entered and was filed after the entry overruling the motion for new trial was journalized.

In the case of *Mullins* v. *Webb, supra,* on page 354, the court cited a Nevada case, where the facts were similar to those in the instant case and said:

"In *Paul* v. *Cragnaz,* 25 Nev., 293, 59 P., 857, 60 P., 983, 47 L. R. A., 540, the Nevada Supreme Court considered a case where the appeal bond was signed prematurely, but filed within the time prescribed by the statute. That court held that the filing was required

by the statute only to be within the time fixed, but it added that, if it had been filed before the time, it would have been wholly nugatory."

Under the Ohio statute, the filing date of the bond is the vital factor in perfecting an appeal on questions of law and fact.

Defendants, appellees herein, contend that the bond is not a proper bond under the statute, as it was not approved by the trial judge or the clerk as required by Section 2505.10, Revised Code. The bond does not show approval by either the trial judge or the clerk. Plaintiff contends that Section 2505.10, Revised Code, applies only to a supersedeas bond given in an appeal on question of law, and that Section 2505.06, Revised Code, does not require the bonds approval by the trial judge or the clerk.

Section 2505.06, Revised Code, provides as follows:

"Except as provided in Section 2505.12 of the Revised Code, no appeal shall be effective as an appeal upon questions of law and fact until the order, judgment, or decree appealed from is superseded by a bond in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code, and unless such bond is filed at the time the notice of appeal is required to be filed."

Section 2505.12, Revised Code, has no application.

It will be observed that Section 2505.06, Revised Code, provides that the judgment appealed from must be superseded by a bond "in the amount and with the conditions provided in Sections 2505.09 and 2505.14 of the Revised Code." Section 2505.09, Revised Code, refers to the execution of a supersedeas bond and expressly provides that such bond shall be conditioned as provided in Section 2505.14, Revised Code. Section 2505.10, Revised Code, provides that before a bond mentioned in Section 2505.09, Revised Code, shall operate to stay execution of the judgment it must be ap-

proved by the trial court or the clerk. While it is true Section 2505.06, Revised Code, does not expressly refer to Section 2505.10, Revised Code, the reference to Sections 2505.09 and 2505.14, Revised Code, requires the appeal bond mentioned in Section 2505.06, Revised Code, to be executed, approved and conditioned as a supersedeas bond given in an appeal on questions of law. In our opinion, Sections 2505.06, 2505.09, 2505.10, and 2505.14, Revised Code, are *in pari materia* and must be construed together.

The appeal bond mentioned in Section 2505.06, Revised Code, serves a dual purpose, first, a compliance with the statutory requirement in perfecting an appeal on questions of law and fact, and, second, as a supersedeas bond. An appeal bond given in an appeal on questions of law and fact should be approved for the same imperative reason applicable to appeals on questions of law. The form of the bond and the sufficiency of the sureties should be approved by the trial court or the clerk to assure protection to the appellee, and this statutory requirement applies whether personal sureties or a surety company executes the bond.

This court has no power to permit the appellant to change, renew, amend or give a new bond in this case, since the time limit within which a proper bond may be filed has long since expired. See *Mullins* v. *Webb, supra,* at page 355, and *Main* v. *Cummins Wild West Exhibition Co.,* 84 Ohio St., 462, 95 N. E., 1151.

The motion to dismiss the appeal on questions of law and fact is sustained on both grounds, and the the cause will stand as an appeal on questions of law. Appellant is granted leave to perfect the appeal on questions of law as provided in supplement to Rule VII.

*Motion sustained.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.