JACKSON, APPELLEE, *v.* JOHNIGAN, JR., ET AL., APPELLANTS.

(No. 2537—Decided July 30, 1959.)

*Messrs. Froug & Froug,* for appellee.
*Messrs. Miller & Compton,* for appellant.

*Per Curiam.* Plaintiff, appellee herein, moves to dismiss this appeal on questions of law and fact for failure to file a proper appeal bond.

According to the transcript of the docket and journal entries and the original papers included therein the suit was brought for specific performance of an alleged contract between

plaintiff and the decedent of defendant, appellant herein, Gladys Steed, whereby the decedent agreed for a valuable consideration to leave by will one-half of her net estate to plaintiff.

The petition alleges that decedent made a will in accordance with the contract but subsequently made another will naming defendant, Henry Johnigan, Jr., as sole beneficiary, and that Henry Johnigan, Jr., is also her executor.

The Court of Common Pleas rendered judgment for plaintiff ordering performance by defendant, Henry Johnigan, Jr., both individually and as executor.

Attached to plaintiff's motion to dismiss this appeal is a copy of a supersedeas bond, the accuracy of which has not been challenged, in the sum of $1,000 as fixed by the trial court, executed by Henry Johnigan, Jr., and a surety company, which fails to bear any memorandum or endorsement of its approval by the court or its clerk.

Such an attempted bond fails to meet the requirements of Section 2505.10, Revised Code, is therefore invalid, and will not support the appeal. *Liberal Market, Inc.,* v. *Main-Nottingham Investment Corp.*, 97 Ohio App., 464, 127 N. E. (2d), 50.

However, defendant invokes the provisions of Section 2505.12, Revised Code, excepting executors acting in their trust capacities who have regularly given bond as such, from the general requirement of a supersedeas bond.

Plaintiff responds that the individual defendant and not the executor is the aggrieved party. Counsel cites the case of *Toledo Trust Co., Trustee,* v. *Farmer*, 165 Ohio St., 378, 385, 135 N. E. (2d), 356, wherein the court said:

"The general rule with reference to the right of a trustee to appeal is that where a trustee is a mere stakeholder, with no duty to perform other than to pay out funds to various claimants as ordered by a proper court, he has no right to appeal from such order even though he may think the court erred in making it. In such an instance he is not an aggrieved party."

In that case the Supreme Court continued:

"However, a different rule governs where a judgment prevents the trustee from discharging his duties under the trust."

The court reasoned that, inasmuch as a trustee may appeal

from an order terminating a trust, he may also appeal from an order extending the date of termination of the trust.

The court observed:

"The logic of the rule we have been discussing is that a trustee has a very personal interest in maintaining and executing the trust as directed by the trustor, and, regardless of any pecuniary effect upon the trustee, he is an aggrieved party where an order of the court affects the existence, validity or continuance of the trust, and where the order concerns matters of the trust apart from the duties of the trustee as a mere stakeholder."

The second paragraph of the syllabus of that case reads:

"2. Where a judgment affects or threatens the existence, validity or continuance of a trust or prevents the trustee from discharging his duties thereunder, or where such judgment threatens to defeat the purpose of the trust, the trustee, although having no personal interest in the litigation, is not a disinterested party, is aggrieved by the judgment and may appeal therefrom in his fiduciary or representative capacity."

In our present case the executor has a similar interest in carrying out the terms of the subsequent will which was probated. The effect of the judgment of the Court of Common Pleas was to prevent him from doing so and require him instead to carry out the terms of the contract.

It is our conclusion that the executor has a right of appeal and that the statute exempting an executor acting in his trust capacity from the requirement of a supersedeas bond is applicable.

The motion to dismiss is overruled.

*Motion overruled.*

WISEMAN, P. J., CRAWFORD and KERNS, JJ., concur.