[Cite as *Fetters v. Duff*, 2018-Ohio-542.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MERCER COUNTY

GEORGE FETTERS,

    **PLAINTIFF-APPELLANT,**           **CASE NO. 10-17-14**

    **v.**

CATHY DUFF,                    **O P I N I O N**

    **DEFENDANT-APPELLEE.**

**Appeal from Mercer County Common Pleas Court
Probate Division
Trial Court No. 20174001A**

**Judgment Affirmed**

**Date of Decision:   February 12, 2018**

**APPEARANCES:**

    *William E. Huber* **for Appellant**

    *James A. Tesno* **for Appellee**

**PRESTON, J.**

{¶1} Plaintiff-appellant, George Fetters ("Fetters"), appeals the October 2, 2017 judgment entry of the Mercer County Common Pleas Court, Probate Division dismissing his action against defendant-appellee, Cathy Duff ("Duff"), for an accounting under R.C. 1337.36. For the reasons that follow, we affirm.

{¶2} Fetters and Duff are brother and sister, and the underlying dispute concerns Fetters's allegations that Duff abused her position as attorney-in-fact for their mother, Phyllis Lauth ("Lauth"). Fetters was originally designated as Lauth's attorney-in-fact through a written power of attorney executed by Lauth in May 2015. (Doc. Nos. 4, 12). However, after serving as his mother's attorney-in-fact for three months, Fetters was removed by Lauth in August 2015. (Doc. No. 12). Lauth appointed Duff to serve as her attorney-in-fact in Fetters's place, a role Duff occupied until Lauth's death on April 18, 2016. (*Id.*).[1]

{¶3} On July 13, 2016, Fetters, by letter, requested that Duff render an accounting of her time as Lauth's attorney-in-fact. (Doc. Nos. 1, 12). Duff did not produce an accounting in response to Fetters's demand. (Doc. No. 1).

---

[1] Lauth's will was probated on May 10, 2016 in another case. (*See* Doc. Nos. 1, 12, 22). As executor of Lauth's estate, Duff filed a final account on January 4, 2017 which was approved on February 3, 2017. (*See* Doc. Nos. 12, 22). No challenges to the inventory or the account or other actions were filed during the pendency of the estate. (Doc Nos. 12, 22).

**{¶4}** On January 24, 2017, Fetters filed, in the Probate Court, a complaint under R.C. 1337.36 requesting an accounting of Duff's tenure as Lauth's attorney-in-fact. (Doc. No. 1).

**{¶5}** Duff filed her answer on March 2, 2017. (Doc No. 4). Duff's March 2, 2017 pleading also set forth a counterclaim against Fetters under R.C. 1337.36 requesting that Fetters be ordered to render an accounting for the brief period of time during which he served as Lauth's attorney-in-fact. (*Id.*).

**{¶6}** In the following months, Fetters and Duff exchanged position memoranda and reply briefs. (*See* Doc. Nos. 9, 12, 13, 14, 15). Fetters filed his "Memorandum of Plaintiff" on May 17, 2017. (Doc. No. 9). Duff submitted her "Defendant's Memorandum" on May 22, 2017. (Doc. No. 12). Fetters submitted his "Response to Memorandum of Defendant" on May 25, 2017. (Doc. No. 13). Duff filed her "Defendant's Response Memorandum" on June 5, 2017. (Doc. No. 14). On June 12, 2017, Fetters filed his "Response to Defendant's Response Memorandum." (Doc. No. 15).

**{¶7}** A final hearing on Fetters's complaint and Duff's counterclaim was held on August 24, 2017. (*See* Doc. Nos. 17, 22).

**{¶8}** On October 2, 2017, the trial court dismissed Fetters's complaint and

Duff's counterclaim. (Doc. No. 22).[2] In its entry, the trial court noted that "[n]o challenges to the inventory or accounting, or other actions were filed in the estate case while it was opened." (*Id.*). The trial court concluded: "The Court finds that the purpose of the law in the ORC is to provide for finality in estates." (*Id.*).

{¶9} On October 25, 2017, Fetters filed a notice of appeal. (Doc. No. 23). Fetters raises one assignment of error.

## Assignment of Error

**The trial court erred in dismissing Plaintiff-Appellant's request for an account in accordance with Ohio Revised Code § 1337.36.**

{¶10} In his sole assignment of error, Fetters argues that the trial court erred by dismissing his complaint requesting an order compelling Duff to render an accounting of her time as Lauth's attorney-in-fact under R.C. 1337.36. In particular, Fetters argues that R.C. 1337.36 does not impose a requirement that a beneficiary of the estate of a deceased principal file an action requesting an accounting of the deceased principal's attorney-in-fact during the pendency of the principal's estate. Because Fetters's complaint was filed while Lauth's estate was still pending, we

---

[2] Although Duff's counterclaim was dismissed along with Fetters's complaint, Fetters apparently produced an accounting voluntarily in response to Duff's counterclaim. (*See* Doc. No. 15) ("It should be noted that apparently Defendant believed that she had a right to file for an accounting and did so and received an accounting subsequent to Plaintiff's filing.").

decline to rule on this specific issue.[3]  However, for the following reasons, we affirm the judgment of the trial court.

**{¶11}** Fetters appeals from the trial court's judgment entry dismissing his complaint requesting an order directing Duff to render an accounting of her tenure as Lauth's attorney-in-fact.  "'Accounting issues and the award of damages that may appear to be necessary fall within the sound discretion of the trial court.'" *Cartwright v. Batner*, 2d Dist. Montgomery No. 25938, 2014-Ohio-2995, ¶ 20, quoting *Schafer v. RMS Realty*, 138 Ohio App.3d 244, 300 (2d Dist. 2000), citing *Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 274-275 (1984).  Thus, we will not overturn a trial court's decision to grant or deny a request for an accounting unless the trial court abused its discretion.  *Id.*  An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

R.C. 1337.36 provides, in relevant part:

(A)  Any of the following persons may petition a court to construe a

power of attorney or review the agent's conduct and grant appropriate

relief:

---

[3] Fetters filed his request for an accounting on January 24, 2017, more than a week before the estate was officially closed on February 3, 2017. (Doc. Nos. 1, 12, 22). There is some ambiguity as to whether Fetters's request was filed in Lauth's estate itself or as a parallel action in the trial court. (*See* Doc. No. 22) ("This matter for the accounting was filed January 24, 2017 as a separate action in this case."). Regardless, as the question concerns whether Fetters's petition was required to be filed during the pendency of Lauth's estate and because there is no question that Lauth's estate was still open when this request was filed, it is unnecessary to rule on Fetters's specific objection.

\* \* \*

(4) The principal's spouse, parent, or descendant;

(5) An individual who would qualify as a presumptive heir of the principal;

(6) A person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death or as a beneficiary of a trust created by or for the principal that has a financial interest in the principal's estate.

R.C. 1337.36(A)(4), (5), (6).

{¶12} As a preliminary matter, we must address Duff's contention that Fetters did not have standing under R.C. 1337.36 to file his complaint with the trial court. Fetters is Lauth's son. (Doc. No. 12). Thus, as Lauth's descendant, Fetters has standing under R.C. 1337.36(A)(4) to pursue the action.

{¶13} Having found that Fetters has standing to file his petition for an accounting,[4] we turn now to the question of whether the trial court abused its discretion in denying Fetters's request for an accounting and dismissing the action.

---

[4] We also note that this matter is within the subject-matter jurisdiction of the trial court. R.C. 2101.24(B)(1)(b) vests probate courts with concurrent jurisdiction with the general division of the court of common pleas over any action that involves a power of attorney. An action brought under R.C. 1337.36 requesting an accounting from a deceased principal's attorney-in-fact clearly involves a power of attorney such that the trial court has concurrent subject-matter jurisdiction over the action with the general division of the court of common pleas. *See Cartwright*, 2014-Ohio-2995, at ¶ 45-54.

**{¶14}** An action requesting an accounting of an attorney-in-fact's tenure is a matter based in equity. *See Sandusky Properties v. Aveni*, 15 Ohio St.3d 273, 274-75 (1984); *Bonnell v. B. & T. Metals Co.*, 52 Ohio Law Abs. 1, 4 (2d Dist. 1948) ("[A]ccounting * * * is of equitable cognizance."), citing *Nordin v. Coulton*, 142 Ohio St. 277 (1943). "Equity 'cannot be determined by any [fixed] rule, but depends upon the peculiar facts and equitable considerations of each case.'" *Pennsylvania Gen. Ins. Co. v. Park-Ohio Industries, Inc.*, 179 Ohio App.3d 385, 2008-Ohio-5991, ¶ 21 (8th Dist.), citing *Tiffin v. Shawhan*, 43 Ohio St. 178, 183 (1885). Given the particular circumstances of this case, we cannot say that the trial court abused its discretion in dismissing Fetters's complaint requesting an accounting from Duff.

**{¶15}** Fetters filed his complaint on January 24, 2017—just before Lauth's estate was closed on February 3, 2017 but well after the estate was opened on May 10, 2016. (*See* Doc. Nos. 1, 12, 22). From the time that Lauth's estate was opened until Fetters filed his complaint, Fetters took no formal steps through the trial court or otherwise to challenge Duff's conduct as Lauth's attorney-in-fact. Fetters did not submit exceptions to the inventory submitted by Duff. (*See* Doc. No. 22). Moreover, he neglected to challenge any account rendered by Duff, including the final account submitted less than three weeks before he filed his complaint. (*See id.*). Prior to filing his complaint, Fetters's only apparent indication that he had objections to Duff's handling of their mother's power of attorney and that he

believed Duff may have misused funds belonging to Lauth's estate was through a letter sent in July 2016 demanding an accounting from Duff. (*See* Doc. Nos. 1, 12). Duff did not produce an accounting in response to this informal request. (Doc. No. 1). After this futile effort to elicit an accounting from Duff, Fetters made no further attempt to address his concerns about Duff's use of Lauth's power of attorney until he filed his complaint over six months later. (*See* Doc. Nos. 1, 12, 22).

{¶16} It is not the case that dismissing Fetters's complaint requesting an accounting was tantamount to denying Fetters any remedy at all. During the estate proceedings, Fetters had access to numerous mechanisms through which he could have sought to hold Duff accountable for alleged exploitations of the power of attorney executed by Lauth. However, he failed to use any of them. (*See* Doc. Nos. 12, 22).

{¶17} Duff was the executor of Lauth's estate as well as her attorney-in-fact. (Doc. No. 12). Accordingly, she was required to render an account of the estate's administration and compile an inventory under R.C. 2109.301 and 2115.02, respectively. In response to the account and inventory, Fetters, as a beneficiary and person indisputably interested in Lauth's estate, could have filed exceptions to Duff's account and inventory under R.C. 2109.33 and 2115.16, respectively. While exceptions brought under R.C. 2109.33 and 2115.16 typically go to the conduct of the executor or administrator in their capacity as executor or administrator, given

the expansive power that probate courts have over executors and administrators, Duff could have been called to account for funds allegedly missing from the estate due to any financial misconduct as Lauth's attorney-in-fact. *See* R.C. 2101.24(A)(1)(c) ("[T]he probate court has exclusive jurisdiction * * * [t]o direct and control the conduct and settle the accounts of executors and administrators * * *"). Despite ample opportunity to do so, Fetters did not challenge Duff's financial conduct as Lauth's attorney-in-fact using any of the customary methods used to account for a decedent's assets.

{¶18} Finally, Fetters produced no competent evidence which the trial court could have relied on to credit his claim that Duff abused her position as Lauth's attorney-in-fact. Fetters's first and only specific objection to Duff's handling of Lauth's power-of-attorney was a conclusory statement contained in his final brief to the trial court submitted in June 2016. (Doc. No. 15) ("The problem here is it is clear from the records we have that there has been misspending by Cathy Duff during her term as POA which could not have been discovered through an estate inquiry. She needs to answer why there were multiple expenditures on Ebay and other internet accounts and for dining out and doing other things when the decedent, in her last month, was essentially an invalid."). However, the trial court record does not contain any document which would naturally comprise part of the "record" Fetters allegedly relied on to substantiate his claim that Duff misused her position

as Lauth's attorney-in-fact. There are no bank or credit card statements, no receipts, no confirmations of internet shopping orders, and no other documents from which the trial judge could have reasonably concluded that Fetters's allegations were plausible and that an accounting from Duff was necessary to clarify the matter.

{¶19} In light of the foregoing, we find that the judgment of the trial court was not unreasonable, arbitrary, or unconscionable and that it therefore did not abuse its discretion is dismissing Fetters's request for an accounting.

{¶20} Fetters's assignment of error is, therefore, overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**